# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,        )
        )
    Plaintiff,        )
        )
    v.        )    C. A. No. 12-642-LPS
        )
ORACLE CORPORATION,        )    Jury Trial Demanded
        )
    Defendant.        )
        )

## ORACLE CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CLOUDING IP, LLC'S AMENDED COMPLAINT; OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

OF COUNSEL:

Douglas E. Lumish
Gabriel S. Gross
Patricia Young
Joseph B. Shear
Rebecca Unruh
KASOWITZ BENSON TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
(650) 453-5170

Robert Watkins
KASOWITZ BENSON TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
(212) 506-1780

September 13, 2012

Frederick L. Cottrell, III (#2555)
Elizabeth R. He (#5345)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
he@rlf.com

*Attorneys for Defendant Oracle Corporation*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... iii

I.      NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

II.     SUMMARY OF ARGUMENT ........................................................................................ 1

III.    CONCISE STATEMENT OF FACTS ........................................................................... 3

        A.      The Parties ........................................................................................................... 3

        B.      The Patents-in-Suit.............................................................................................. 4

        C.      The Amended Complaint .................................................................................... 4

IV.     ARGUMENT:  CLOUDING'S AMENDED COMPLAINT FAILS TO STATE A
        CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................ 5

        A.      Legal Standards for Motions to Dismiss Under Rule 12(b)(6).............................. 5

        B.      Clouding's Amended Complaint Fails to Make a Plausible Showing of
                Entitlement to Relief for Direct Infringement ...................................................... 7

                1.      Clouding's Failures to Identify Allegedly Infringing Products, and
                        Other Flaws, Render Claims I, II, IV and IX for Direct
                        Infringement Legally Insufficient ........................................................... 8

                2.      Count III:  Clouding Fails to Make a Facially Plausible Showing of
                        Direct Infringement of U.S. Patent No. 5,596,784 ................................. 11

                3.      Count V:  Clouding Fails to Make a Facially Plausible Showing of
                        Direct Infringement of U.S. Patent No. 6,738,799 ................................. 13

                4.      Count VI:  Clouding Fails to Make a Facially Plausible Showing of
                        Direct Infringement of U.S. Patent No. 5,944,839 ................................. 13

                5.      Count VII:  Clouding Fails to Make a Facially Plausible Showing
                        of Direct Infringement of U.S. Patent No. 5,825,891 .............................. 14

                6.      Count VIII:  Clouding Fails to Make a Facially Plausible Showing
                        of Direct Infringement of U.S. Patent No. 5,678,042 .............................. 15

                7.      Counts X and XI:  Clouding Fails to Make a Facially Plausible
                        Showing of Direct Infringement of U.S. Patent Nos. 7,254,621 and
                        6,925,481 ................................................................................................. 16

                8.      The Court Should Not Overly Rely on Form 18 to the Exclusion of
                        the Context-Specific Analysis Required by Third Circuit Law.............. 17

        C.      Clouding's Amended Complaint Fails to Make a Plausible Showing of
                Entitlement to Relief for Indirect Infringement .................................................. 18

                1.      Clouding's Claims of Induced Infringement Fail to Plead Either
                        Direct Infringement or the Requisite Intent ........................................... 18

**TABLE OF CONTENTS**
**(continued)**

2.  Clouding's Claims of Pre-Suit Induced Infringement Fail to Plead the Requisite Intent ............................................................................... 18

D.  Clouding's Amended Complaint Fails to Make a Plausible Showing of Entitlement to Relief for Willful Infringement ................................................... 19

E.  Alternatively, Clouding Should Provide a More Definite Statement ................. 19

V.  CONCLUSION.................................................................................................... 20

10005619v1
9/13/2012 5:41 PMRLF1 7050486v.1

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

CASES

*Agilent Techs., Inc. v. Micromuse, Inc.,*
    No. 04-Civ-3090, 2004 WL 23466152 (S.D.N.Y. Oct. 19, 2004)..........................................20

*Akamai Techs. Inc. v. Limelight Networks, Inc.,*
    No. 2009-1372, 2012 WL 3764695 (Fed. Cir. Aug. 31, 2012) ..............................................18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).................................................................................................... *passim*

*Bay Indus., Inc. v. Tru-Arx Mfg., L.L.C.,*
    No. 06-C-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006)...........................................20

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).................................................................................................... *passim*

*Common Cause of Pa. v. Pennsylvania,*
    558 F.3d 249 (3d Cir. 2009)......................................................................................................5

*Eidos Commc'ns, LLC v. Skype Techs. SA,*
    686 F. Supp. 2d 465 (D. Del. 2010)..............................................................................7, 9, 16

*eSoft, Inc. v. Astaro Corp.,*
    No. 06-cv-00441, 2006 WL 2164454 (D. Colo. July 31, 2006).............................................20

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009)......................................................................................... *passim*

*Global-Tech Appliances, Inc. v. SEB S.A.,*
    131 S. Ct. 2060 (2011).............................................................................................................19

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012).................................................................................... *passim*

*In re Papst Licensing GmbH Patent Litig.,*
    No. 99-3118, 2001 WL 179926 (E.D. La. Feb. 22, 2001).....................................................20

*In re Seagate Tech, LLC,*
    497 F.3d 1360 (Fed. Cir. 2007)...........................................................................................2, 19

*McZeal v. Sprint Nextel Corp.,*
    501 F.3d 1354 (Fed. Cir. 2007)............................................................................................6, 17

# TABLE OF AUTHORITIES
## (continued)

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997)..................................................................................................5

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008)........................................................................................ *passim*

*Pieczenik v. Bayer Corp.*,
No. 2011-1385, 2012 WL 1177925, (Fed. Cir. Mar. 22, 2012),
petition for cert. filed, 81 U.S.L.W. 3072 (U.S. June 18, 2012) (No. 12-177)..........................6

*Ping Yip v. Hugs to Go LLC*,
No. 2010-1112, 2010 WL 2162639 (Fed. Cir. May 28, 2010), *cert. denied*, 131 S. Ct.
1491 (2011)..........................................................................................................................6

*Rovi Corp. v. Hulu, LLC*,
No. 11-665, 2012 WL 261982 (D. Del. Jan. 27, 2012) .....................................................6, 17

*Schuylkill Energy Res., Inc. v. Penn. Power & Light Co.*,
113 F.3d 405 (3d Cir. 1997).................................................................................................5

*SoftView LLC v. Apple Inc.*,
No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012)..............................................2, 19

*St. Clair Intellectual Prop. Consultants, Inc. v. Apple Inc.*,
No. 10-982-LPS, 2011 WL 4571812 (D. Del. Sept. 30, 2011) ............................................6, 7

*Static Control Components, Inc. v. Future Graphics, LLC*,
No. 07CV00007, 2008 WL 160827 (M.D.N.C. Jan. 15, 2008)..............................................20

*Thomas v. Independence Twp.*,
463 F.3d 285 (3d Cir. 2006)................................................................................................20

*Via Vadis, LLC v. Skype, Inc.*,
No. 11-507, 2012 WL 261367 (D. Del. Jan. 27, 2012) ..................................................6, 7, 17

*Victaulic Co. v. Tieman*,
499 F.3d 227 (3d Cir. 2007)..................................................................................................5

## STATUTES

35 U.S.C. § 271(b) ................................................................................................................19

## OTHER AUTHORITIES

FED. R. CIV. P. 12(b)(6) ........................................................................................................1

## TABLE OF AUTHORITIES
### (continued)

FED. R. CIV. P. 12(e) ...........................................................................................................3, 19

FED. R. CIV. P. 84 .................................................................................................................1, 7

## I.   NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Clouding IP, LLC ("Clouding") filed this action against Oracle Corporation for allegedly infringing eleven patents ostensibly related to the concept of "cloud computing." (Complaint, D.I. 1; Amended Complaint, D.I. 16.)  In keeping with its "cloud computing" theme, Plaintiff changed its name from STEC IP to "Clouding IP" shortly after filing suit.  (D.I. 4.) Oracle now moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

## II.   SUMMARY OF ARGUMENT

Clouding's Amended Complaint fails to satisfy the context-specific plausibility standard under Rule 8(a), established by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and interpreted by and applied by the Third Circuit in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) and *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).   The Complaint also fails to achieve the level of specificity contemplated by the sample complaint for direct patent infringement in Form 18. *See* FED. R. CIV. P. 84, Form 18; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

First, Clouding alleges direct infringement of eleven patents but fails each time to make a facially plausible "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.  Clouding makes conclusory allegations about broad fields of computer science, but no showings to support direct infringement claims.  For at least four counts, Clouding fails to identify an Oracle product that allegedly infringes.  For others, it identifies Oracle products that perform many functions unrelated to the asserted patents, but makes no showings that the products allegedly infringe.  These blanket assertions, at best, suggest the possibility of infringement, which is insufficient as a matter of law. *Iqbal*, 556 U.S. at 678.

Second, Clouding's Amended Complaint contains new claims for indirect and willful infringement, based entirely on Oracle's post-filing knowledge of the previously asserted patents, that should be dismissed. Clouding has failed to adequately allege a predicate act of direct infringement in each of counts III-VIII and XI, and therefore its allegations of indirect infringement fail. *In re Bill of Lading*, 681 F.3d at 1333. But even if Clouding had adequately pleaded direct infringement, Clouding has not sufficiently alleged that Oracle had knowledge of the patents-in-suit before this case was filed, which defeats any claim of induced infringement occurring before the filing of this suit. Moreover, in view of *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc), Clouding's willful infringement claims, based solely on post-filing conduct, are inadequate as a matter of law. *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *8 (D. Del. July 26, 2012).

Nonetheless, Clouding would have Oracle undergo the disruption and expense of discovery based entirely on the conclusions and speculation underlying its Amended Complaint. Oracle is a global company with 115,000 full-time employees, including 32,000 in research and development. Discovery could involve more than 280 patent claims across 11 patents, numerous Oracle technologies, businesses and witnesses, and untold volumes of electronically stored information. Clouding's general allegations directed at Oracle's "cloud computing products and/or services" do not differentiate among the many offerings that Oracle makes or will make available to end users. Discovery into the array of technologies and personnel potentially implicated by Clouding's sweeping allegations will be substantial, complex, and expensive.

Because Clouding's Amended Complaint alleges no plausible connection between the patented inventions and Oracle's products, it provides insufficient notice of the grounds for its claims—which has important practical implications: With eleven patents-in-suit, the difficulties

10005619v1
9/13/2012 5:41 PMRLF1 7050486v.1

already faced by Oracle in formulating an answer, complying with document preservation obligations, participating meaningfully in a Rule 26(f) conference, and seeking and responding to discovery, will be inordinately challenging. Without a proper complaint identifying even the actual accused technologies, these activities will be preordained to be flawed—*e.g.*, to be both over- and under-inclusive in the first instance—and then to be wastefully repeated later after the scope of the case clarifies, which it will inevitably have to do. Complaints lacking sufficient factual showings do not permit plaintiffs to launch into discovery and encumber defendants with the attendant burdens, which in this case are significant. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 558-59. Rather, discovery and all other stages of this case should proceed only on claims that meet the facial plausibility requirement. Claims failing this test should be dismissed.

Should the Court deny Oracle's motion to dismiss, Oracle respectfully asks it to require Clouding to provide a more definite statement pursuant to Rule 12(e). The Complaint's blanket allegations against a large and diverse set of technologies are "so vague or ambiguous" that Oracle cannot reasonably respond or prepare for discovery. *See* FED. R. CIV. P. 12(e).

## III.   CONCISE STATEMENT OF FACTS

### A.   The Parties

Oracle is the world's largest provider of enterprise software[1] and a leading provider of computer hardware products and services. Clouding appears to be solely in the business of collecting patents and seeking to monetize them, including through litigation. To Oracle's knowledge, Clouding does not make products and does not compete in the marketplace with Oracle. In related suits, Clouding has sued six other companies for infringing the same or similar patents. The defendants in these suits (Oracle, Amazon, Apple, Microsoft, Google, Rackspace,

---

[1]   The term "enterprise software" generally refers to software used in organizations such as business and government entities.

and Motorola Mobility) make and sell a variety of different products and services, many of which Clouding accuses of infringing the same patents.

B.  **The Patents-in-Suit**

The eleven patents-in-suit purport to cover various computer-related technologies developed by 18 different inventors who filed patent applications over a span of nearly 12 years. Each patent allegedly was assigned to Clouding by Symantec. (D.I. 16, ¶¶ 7, 12, 17, 26, 35, 44, 53, 62, 71, 78, 85.)  But as the faces of the patents indicate, the patents originated from and were once assigned to five separate companies. (*See, e.g.*, D.I. 16, Exhs. A-K.)  Although the Amended Complaint takes aim at Oracle's "cloud computing" activities (*see* D.I. 16, ¶¶ 18-19, 27-28, 37, 45, 72-73), there is no mention of the "cloud" in any of the patents-in-suit.  (D.I. 16, Exhs. A-K.)  The claims cover specific computer-related methods, systems, and apparatuses.  No claim in any of the patents purports to cover the "cloud" or "cloud computing."  (*Id.*)

C.  **The Amended Complaint**

Clouding alleges repeatedly that Oracle provides "products and/or services for cloud computing."  (D.I. 16, ¶¶ 18, 27, 45, 72.)  Clouding alleges that Oracle or its customers infringe "one or more" of the 282 claims of its eleven patents.  (*See, e.g.,* D.I. 16, ¶¶ 9, 14, 19, 22, 28, 31.)  In each count, Clouding quotes a patent's title and makes generalizations about the field of technology to which the patent purportedly relates.  (*See, e.g.,* D.I. 16, ¶¶ 18-19 (referring in Count III to "pay-per-use cloud computing"), ¶ 36 (referring in Count V to "synchronization of files").)  For at least four counts (I, II, IV, and IX), Clouding fails to identify any Oracle product that allegedly infringes.  (D.I. 16, ¶¶ 9, 14, 28, 73.)  Most of the other counts cursorily point to Oracle "products and/or services" that it alleges are involved in infringing the patents-in-suit, but provide no factual showing of functionalities or activities that allegedly practice the patented inventions.  (*Id.*, ¶¶ 19, 37, 46, 55, 64, 80, 87.)  Clouding repeats the formulaic conclusion that at

4

least one of Oracle's "products and/or services" or methods is "covered by one or more claims of the [asserted] patent, including but not limited to" one representative claim. (*Id.*)

## IV.   ARGUMENT:  CLOUDING'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.   Legal Standards for Motions to Dismiss Under Rule 12(b)(6)

Because a motion to dismiss under Rule 12(b)(6) "raises a purely procedural issue," in patent cases courts apply "the applicable law of the regional circuit." *In re Bill of Lading*, 681 F.3d at 1331.  Courts distinguish between the factual and legal elements of the claim, *Fowler*, 578 F.3d at 210-11, accept as true all well-pled allegations, and construe the complaint in the light most favorable to the plaintiff. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 253 (3d Cir. 2009); *Fowler*, 578 F.3d at 210.  However, courts need not accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Penn. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678), or "bald assertions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Construing the allegations in this light, courts inquire whether the complaint states a plausible claim to relief. *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 679).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678 (citing *Twombly*, 550 U.S. at 556).  The allegations "must be enough to raise a right to relief above the speculative level," *Phillips*, 515 F.3d at 232 (quoting *Twombly*, 550 U.S. at 555 & n.3); *accord Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007), and must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210. The complaint must show "more than the possibility of relief to survive a motion to dismiss." *Id.*

at 210 (citing *Twombly*, 550 U.S. 544).

The level of factual detail required is case-specific. *Phillips*, 515 F.3d at 232 ("Fair notice under Rule 8(a)(2) depends on the type of case ...."). In patent cases, the grounds for infringement differ based on the nature of the patents, on the accused products, and on the statutory basis for the claim. Courts in the Third Circuit recognize "that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* at 232. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 555 n.3). In a case arising under Sixth Circuit law, the Federal Circuit stated that whether a complaint for direct infringement states a legally viable claim "is to be measured by the specificity required by Form 18."[2] *In re Bill of Lading*, 681 F.3d at 1334; *see also*, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 135 (Fed. Cir. 2007).

This Court has not uniformly relied on Form 18 in patent cases, and has observed that the Federal Circuit's reliance on the form has been "undermine[d]" by the Supreme Court precedent in *Iqbal*. *Rovi Corp. v. Hulu, LLC*, No. 11-665, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012); *see also Via Vadis, LLC v. Skype, Inc.*, No. 11-507, 2012 WL 261367, at *2-3 (D. Del. Jan. 27, 2012). In cases where this Court has relied on Form 18, it has done so with varying results. *See, e.g., St. Clair Intellectual Prop. Consultants, Inc. v. Apple Inc.*, No. 10-982-LPS, 2011 WL 4571812, at *3 (D. Del. Sept. 30, 2011) (finding a complaint that "explicitly ties the [accused]

---

[2]     When that court has applied Third Circuit law, it has not relied on Form 18, and instead applied "the standards explained in [*Twombly*] and [*Iqbal*]," as interpreted by cases including *Fowler*, 578 F.3d at 210. *Pieczenik v. Bayer Corp.*, No. 2011-1385, 2012 WL 1177925, *3-4, at *8-9 (Fed. Cir. Mar. 22, 2012); *see also Ping Yip v. Hugs to Go LLC*, No. 2010-1112, 2010 WL 2162639, at *10-11 (Fed. Cir. May 28, 2010), *cert. denied*, 131 S. Ct. 1491 (2011).

RIM products to each recitation of infringement" satisfies the detail required by Form 18); *cf.*

*Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467-68 (D. Del. 2010) (granting

motion to dismiss where "[t]he complaint at bar does not provide a general product category

even analogous to 'electric motors'" as in Form 18, and was vague for conditionally accusing

"products *and/or* methodologies" identified "by way of example only.").

**B.      Clouding's Amended Complaint Fails to Make a Plausible Showing of Entitlement to Relief for Direct Infringement.**

Clouding attempts to assert eleven patents against a variety of Oracle's "cloud

computing" technologies, but fails to make the factual *showing* required under *Twombly* and

*Iqbal*, and Form 18, of what products or services allegedly infringe or to articulate the grounds

for its claims. This is what *Phillips* warned of: by pleading vague generalities and eschewing

factual detail, the Complaint is so undeveloped that it does not provide Oracle with fair notice of

what conduct allegedly amounts to infringement or the grounds for such a claim. 515 F.3d at

232. "The Third Circuit's ruling in *Fowler* after *Iqbal* clearly warrants a more factual pleading"

than Clouding's. *Via Vadis, LLC*, 2012 WL 261367, at *3.

It is not enough to claim that Oracle provides products in general technology areas that

relate to Clouding's patents, and conclude this equals infringement. Working in the same field

as a patented invention does not amount to or support an inference of infringement. Indeed, even

Form 18 goes farther, requiring a description of the patented invention and of the accused

technology, as in its simplified example of the general category of "electric motors." FED. R.

CIV. P. 84, Form 18. As this Court has found, a complaint that "explicitly ties" a defendant's

product to the "recitation of infringement" may suffice under Form 18. *St. Clair Intellectual*

*Prop. Consultants, Inc.*, 2011 WL 4571812, at *3. But complaints that fail to develop a plausible

connection between the patented invention and the accused product are inadequate. It would be

insufficient to state a plausible claim for infringing the "electric motor" patent of Form 18, for example, by alleging simply that the plaintiff has a patent in "electromechanics" and that the defendant makes cars, or appliances, or space shuttles. Failing to sufficiently identify the accused instrumentality leaves a defendant with no meaningful notice, much less an understanding of the grounds for the claim (what type of technology in the car infringes, the alternator? the starter? the speakers? the computer chips?). Clouding's pattern of baldly alleging that it owns a patent and that Oracle does business in an area related to that patent provides none of the required factual context to support an infringement claim, under Form 18 or otherwise, and is insufficient as a matter of law.

      **1.**    **Clouding's Failures to Identify Allegedly Infringing Products, and Other Flaws, Render Claims I, II, IV and IX for Direct Infringement Legally Insufficient.**

      **a.**    **Counts I and II: U.S. Patent Nos. 6,631,449 and 6,918,014**

Clouding alleges that a product it describes as "Oracle 11g Release 2" infringes the '449 and '014 patents. (D.I. 16, ¶¶ 9, 14.) A cursory look at Oracle's product listings on its public website reveals a number of very different Oracle products, each marketed as "11g" that have a "Release 2," including Database 11g, Fusion Middleware 11g, and Forms 11g, to name a few. Clouding identifies none of these in its pleading. Oracle is left to guess which of its many "Oracle" products associated with "11g" and "Release 2" Clouding believes infringes. This is not fair notice of infringement, and Clouding's allegations fail to state a legally viable claim.

Clouding also fails to allege a plausible claim in Counts I and II because it does not plead facts to show that an Oracle product practices a patented invention. Instead, Clouding baldly asserts that Oracle "products and/or services" support the use of "server-to-server or peer-to-peer communication." (D.I. 16, ¶¶ 8, 13.) Under this vague description, Clouding purports to have a patent covering computer-to-computer communication, an allegation that is plainly at odds with

the claims of the '499 and '014 patents, which are far narrower.   (D.I. 16, ¶¶ 9, 14.)   Asserted claim 1 of the '499 patent claims a multi-step method for "maintaining storage object consistency among nodes in a distributed architecture including a repository of last resort," with no mention of peer-to-peer or server-to-server communication. (D.I. 16, Exh. A.)   Claim 1 of the '014 patent is directed to a specific system of connected nodes that maintain a storage object routing table.   (D.I. 16, Exh. B.)   The claims are not directed to the broad concepts of peer-to-peer or server-to-server communication, which is what Clouding implies is infringing.

Clouding also does not provide the level of factual detail contemplated by Form 18, which requires a plaintiff to identify a patented invention and to allege that the defendant has used the same patented invention.   Just as it would be insufficient to state a claim for infringement of a patent on an electric motor by alleging only that a defendant made "electric machines," so too it is insufficient for Clouding to make vague and generalized references to "server-to-server communication" to state a claim for infringement of a patent on specific, multi-step methods for maintaining a storage object or a system of connected nodes.

Clouding further obfuscates its claim with conditional language.   Although it claims "Oracle 11g Release 2" infringes claim 1 of the '499 and '014 patents, Clouding hedges its accusation (as it does throughout the complaint) by accusing Oracle's "products *and/or* services, identified only "*by way of example and without limitation*," which allegedly are "covered by *one or more* claims" of the '499 and '014 patents.   (D.I. 16, ¶¶ 9, 14 (emphasis added).)   Form 18 does not use or condone this type of hedging language, which only obscures the cause of action, particularly in light of the fact that the '499 patent and '014 patents each include both method and system claims.   (*See* D.I. 16, Exhs. A, B.)   This Court has previously rejected claims of the same ilk.   *See, e.g., Eidos*, 686 F. Supp. 2d at 467-69.   Counts I and II should be dismissed.

10005619v1
9/13/2012 5:41 PM RLF1 7050486v.1

**b.  Count IV: U.S. Patent No. 7,065,637**

In Count IV, Clouding fails to identify a product that directly infringes the '637 patent. Clouding accuses unnamed "cloud computing products and/or services *configurable through*" another product called "Oracle VM Manager" of directly infringing the '637 patent. (D.I. 16, ¶ 28 (emphasis added).)  Clouding does not allege what product or service "configurable through" Oracle VM Manager does the infringing.  Clouding's vague accusations mean that any hardware or software product or service that conceivably could be "configured" through Oracle VM Manager—none of which is identified in the Complaint—allegedly infringes.  These cryptic allegations make it impossible for Oracle to know what is being accused of direct infringement.

Clouding also fails to state a plausible claim of direct infringement of the '637 patent because it pleads only unsupported conclusions to allege that Oracle allegedly infringes. Clouding's bald assertion that "some of Oracle's products and/or services provide or support use of a visual interface to configure cloud computing resources" (D.I. 16, ¶ 27) is, at best unsupported (and potentially misleading), as the '637 patent makes no mention of "cloud computing resources" and the patented invention is far narrower than a mere "visual interface."[3] The Court need not take these or Clouding's other conclusory allegations as true.  *Fowler*, 578 F.3d at 210 (citing *Iqbal*, 556 U.S. at 678).

Clouding also does not provide the level of factual detail contemplated by Form 18, which requires the plaintiff to identify a specific patented invention, a hypothetical "electric motor," and to allege that the defendant has used the same electric motor.  In Count IV, Clouding

---

[3]     The patented invention is not a mere "visual interface to configure cloud computing resources." Claim 1, for example, which Clouding alleges is infringed, is a lengthy system claim with at least eight limitations. (D.I. 16, Exh. D, claim 1.)  It requires such elements as a user interface that shows a visual construction of a computing environment that must be able to receive a signal that allows a user to "instantiate a device from a stored configuration," among other limitations. (*Id.*)

has pled only the equivalent of owning a patent on electromechanical devices and accusing a space shuttle of infringing. The direct infringement claim in Count IV should be dismissed as it fails to provide fair notice of the claim and the grounds on which it rests.

### c.      Count IX: U.S. Patent No. 5,495,607

In Count IX, Clouding fails to identify any particular commercial product or service that directly infringes the '607 patent.   Instead, Clouding generically alleges that Oracle has unidentified "server farms," and that those server farms "provide and support cloud computing services." (D.I. 16, ¶ 72.)  Clouding concludes that some unnamed "systems, and products and/or services related thereto … made/or used by Oracle to monitor the health of servers and computers running Oracle Cloud Computing service" amounts to infringement of "one or more" claims of the '607 patent. (D.I. 16, ¶ 73.)  This leaves Oracle in the dark as to the grounds for Clouding's claim, not only for its vagueness, but also because nowhere in the '607 patent's claims or specification is there a discussion of monitoring the health of servers and computers for cloud computing. (D.I. 16, Exh. I.)  Clouding has no patent rights to the mere concept of a system that "monitors the health of servers and computers," notwithstanding its intimations to the contrary.  Under Rule 8, Clouding was required but failed to plead sufficient factual detail to provide fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  Using Form 18 as a guide, Clouding is obligated at least to identify the invention for which its patent issued and a corresponding technology that allegedly practices it.  Its failure to plead such facts leaves only a facially implausible claim for direct infringement which should be dismissed.

### 2.      Count III:  Clouding Fails to Make a Facially Plausible Showing of Direct Infringement of U.S. Patent No. 5,596,784.

Clouding fails to state a facially plausible claim for infringement of the '784 patent,

entitled "Method System And Apparatus For Provided Pay-Per-Use Distributed Computing Resources." (D.I. 16, ¶ 17; Exh. C.)  Clouding alleges in conclusory fashion that Oracle has "cloud computing products and/or services" that "provide or support pay-per-use cloud computing." (*Id.*, ¶ 18.)  But even Clouding does not claim to have invented the broad concept of "pay-per-use cloud computing," nor could it, as the patented invention is far narrower.  For example, claim 1, which Clouding alleges is infringed, claims a specific seven-step "method for providing distributed, on-demand application processing" that nowhere mentions "pay-per-use cloud computing." (D.I. 16, Exh. C, claim 1.)  Clouding does not make a factual showing that Oracle practices this method or any other invention claimed in the '784 patent.  Rather, Clouding alleges that "Oracle Enterprise Manager 12$^c$" infringes because it purportedly is a pay-per-use cloud computing product and/or service.  (D.I. 1, ¶ 19.)  Enterprise Manager 12$^c$ is complex software with hundreds of features and functions, the vast majority of which have no plausible connection to this case.  Despite this, Clouding does not allege *what* functionality infringes, or any facts that show how it performs even one step of a claimed method.

Using Form 18 as a guide, it is insufficient for Clouding to make vague and generalized references to "pay-per-use cloud computing" in an effort to state a claim for infringement of a patent on specific, multi-step methods for providing distributed computing.  Clouding leaves Oracle with no notice of which of Oracle's products or services allegedly directly infringe.

As with Counts I and II above, Clouding's attempt to hedge its claims in Count III only muddles its allegations.  Clouding's qualifying, conditional language used here and throughout the Amended Complaint (D.I. 16, ¶ 19) stands is in stark contrast to the language in Form 18. And again, this creates additional uncertainty in what Clouding is alleging particularly in light of the fact that the '784 patent includes both method and apparatus claims.  (*See* D.I. 16, Exh. C.)

Count III fails to state a facially plausible claim for direct infringement and should be dismissed.

### 3.   Count V: Clouding Fails to Make a Facially Plausible Showing of Direct Infringement of U.S. Patent No. 6,738,799.

Clouding accuses "Oracle's Cloud File System" of directly infringing the '799 patent. (D.I. 16, ¶ 37.)  But Clouding pleads virtually no facts to show entitlement to relief.  Clouding states that Oracle has "products and/or services" that "provide or support synchronization of files," but pleads no facts to show either that the patented invention is the broad concept of "synchronization of files" or that Oracle's Cloud File System practices such an invention.  The allegedly infringed claim, claim 37, does not claim the mere concept of file synchronization, but instead recites a method for providing file updates from a first computer to a second computer, with at least three discrete steps.  (D.I. 16, Exh. E, claim 37.)  The complaint fails to allege that Oracle's Cloud File System even roughly equates to the patented invention, much less that it practices a method for providing updates from one computer to another.  Indeed, all Clouding alleges in Count V is that Oracle's Cloud File System directly infringes the '799 patent – precisely the type of naked conclusion that does not suffice, even under Form 18.  Clouding has not shown entitlement to relief and therefore has failed to plead a facially plausible claim.  *See, e.g., Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### 4.   Count VI: Clouding Fails to Make a Facially Plausible Showing of Direct Infringement of U.S. Patent No. 5,944,839.

Count VI suffers the same failings as Count V.  Clouding offers the undeveloped conclusion that Oracle's "products and/or services" for cloud computing "provide or support automatic detection, diagnosis, and isolation of system and software faults."  (D.I. 16, ¶ 45.)  But the patented invention, in contrast to this conclusory description of (unpatented) technology, relates to a specific method for system optimization using an artificial intelligence engine and sensors to identify a solution to a previously detected system problem.  (D.I. 16, Exh. F, claim 6.)

Clouding's conclusion that Oracle's Solaris 10 Operating System is "covered by one or more claims of the '839 patent" is unsupported by any factual showing. (D.I. 16, ¶ 46.) For example, Clouding pleads no facts to show even that Solaris 10 employs a method for system optimization using an artificial intelligence engine, or otherwise practices the invention of the '839 patent. Moreover, Clouding's claim does not follow Form 18. Clouding implies that it owns a patent on a broad technological concept and fails to tie its alleged "invention" to the accused product.

Clouding compounds the ambiguity of Count IV when it juxtaposes its mantra that Oracle allegedly makes, uses, or sells "products and/or services for cloud computing" with its allegation that Oracle's Solaris 10 Operating System—a product frequently used *outside* the "cloud" context—infringes its patents. (D.I. 1, ¶¶ 45-46.) This leaves Oracle to guess what functionalities, and what uses, of Solaris 10 Operating System Clouding is accusing of infringement. It appears likely that Clouding is targeting a use of the product "for cloud computing," but the Amended Complaint contains no factual context to provide adequate notice. (*Id.*) Clouding's pleading leaves the facts so undeveloped as to provide Oracle with no understanding or fair notice of the grounds for its claim of direct infringement.

### 5. Count VII: Clouding Fails to Make a Facially Plausible Showing of Direct Infringement of U.S. Patent No. 5,825,891.

In Count VII, Clouding continues its pattern and broadly asserts that Oracle's products and/or services "provide for or support establishing Internet Protocol Security/Internet Key Exchange-based Virtual Private Network Tunnels." (D.I. 16, ¶ 54.) The patented invention is not simply establishing such "network tunnels." (D.I. 16, Exh. G.) Instead, as asserted claim 1 exemplifies, the invention relates to a four-step method directed to a way for two computers to communicate using encrypted network packets that requires the transmission of tunnel record information from one computer to another. (D.I. 16, Exh. G, claim 1.) As in Counts V and VI,

10005619v1
9/13/2012 5:41 PM RLF1 7050486v.1

Clouding concludes that a product, here SunScreen 3.2, infringes the patent without any factual context or showing that Oracle practices the patented invention. These undeveloped allegations and conclusions are insufficient to make a plausible showing of direct infringement. At best, Clouding's allegations support a suspicion or possibility of infringement, which is insufficient. *Fowler*, 578 F.3d at 210 (citing *Twombly*, 550 U.S. at 555).

### 6.   Count VIII:  Clouding Fails to Make a Facially Plausible Showing of Direct Infringement of U.S. Patent No. 5,678,042.

In Count VIII, Clouding states that Oracle's products and/or services "provide or support data storage deployment and management." (D.I. 16, ¶ 63.) This description of a vast field of technology bears no reasonable relationship to the actual patented invention. (D.I. 16, Exh. H.) Again, Clouding makes no attempt to plead enough facts to show what product or service allegedly practices the patented invention. Claim 1—which Clouding alleges is infringed— describes a narrow method directed to collecting and storing "snapshots" of "local catalogs" on multiple file servers and then tracking the collected information across an historical database. (D.I. 16, Exh. H, claim 1.) Clouding does not make any effort to plead that Oracle products store snapshots of local catalogs or identify an historical database that is used to track the collected information.[4] Form 18 requires more than accusing a defendant of selling products in a broad technical field. Accordingly, even accepting as true Clouding's general allegations about Oracle making products concerning "data storage deployment and management," Count VIII remains devoid of facts that demonstrate relief for direct infringement.

---

[4]   Clouding incorporates into Count VIII its theme that Oracle makes "products and/or services for cloud computing," (D.I. 16, ¶¶ 45, 61) and accuses Oracle products frequently used outside a "cloud" context of infringement, including Oracle ZFS Storage Appliance. (*Id.*, ¶ 64.) Oracle is unable to discern what uses of these products Clouding is accusing of infringing the '042 patents' method claims, though it appears limited to uses in connection with the "cloud."

7.  **Counts X and XI:  Clouding Fails to Make a Facially Plausible Showing of Direct Infringement of U.S. Patent Nos. 7,254,621 and 6,925,481.**

Counts X and XI, alleging infringement of the related '621 and '481 patents, fail to state facially plausible claims.  The accused product, Oracle Business Intelligence Foundation Suite, is a large suite of products designed for enterprises,[5] but Clouding pleads no facts showing which if any of its many features directly infringe.  Clouding purports to describe the patents by referring to the field of "remote data access by a mobile device."  As with every other count, the patented invention is narrower than Clouding has pleaded, and its mere allegations that Oracle's product involves this field does not amount to a facially plausible showing of direct infringement.  For both the '621 patent and the '481 patent, the asserted claims are directed to providing or returning data manipulation operations to a "pervasive device"—and not to the general area of remote data access as Clouding alleges.  (D.I. 16, Exh. J, claim 1; Exh. K, claim 1.)

Clouding's pleading fails under Form 18 as well.  To use the form's electric motor analogy once again, Clouding's conclusion about "remote data access" is akin to alleging that it holds a patent in electromechanics and claiming infringement by a space shuttle—an enormously complex system with numerous electromechanical and other devices within it.  Likewise, the accused product, Oracle Business Intelligence Foundation Suite has numerous functionalities and features that are unrelated, for example, to "pervasive" mobile devices.  Clouding again uses conditional language to hedge its accusations against "products *and/or* services" including "*by way of example and without limitation*, Oracle Business Intelligence Foundation Suite ...."  (D.I. 16, ¶¶ 80, 87 (emphasis added).)  In contrast, Form 18 uses direct language to state a claim for direct infringement.  Clouding's unsupported, conclusory, and conditional allegations fail to state a facially plausible claim.  *Eidos*, 686 F. Supp. 2d at 467-69.

---

5  *See generally* http://www.oracle.com/us/obiee-11g-technical-overview-078853.pdf.

**8.    The Court Should Not Overly Rely on Form 18 to the Exclusion of the Context-Specific Analysis Required by Third Circuit Law.**

Clouding's Amended Complaint is legally insufficient when compared to the level of specificity required by Form 18, in the context-specific inquiry mandated by *Iqbal* and *Phillips*. The Court should decline any invitation by Clouding to apply Form 18 without considering the context of the patents and the accused products. Relying on the form to the exclusion of facial plausibility standard established by *Twombly* and *Iqbal* would unduly diminish the factual, context-specific inquiry that precedent requires. *See, e.g., Phillips*, 515 F.3d at 232 ("[T]he *Twombly* decision focuses our attention on the 'context' of the required short, plain statement. Context matters in notice pleading."); *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Overly relying on Form 18 without considering the context-specific plausibility inquiry has serious shortcomings. For example, the minimalist complaint in Form 18 pre-dates *Iqbal* and *Twombly* by many decades, and the Advisory Committee has found such forms suffering from "benign neglect" and of "questionable" value today. *In re Bill of Lading*, 681 F.3d at 1350 (Newman, J. dissenting) (citations omitted). The Chief Judge of the Federal Circuit has called Form 18 in particular "an embarrassment." *Id.* Indeed, this Court and others in the Third Circuit have held, in contrast with the Federal Circuit's rulings of *In re Bill of Lading* and *McZeal*, that Form 18 does not satisfy the "more factual" standards required by *Twombly* and *Iqbal*: "The Supreme Court's decision in *Iqbal* requires adherence, and undermines the precedential value of *McZeal*." "The Third Circuit's rulings after *Iqbal* clearly warrant a more factual pleading." *Rovi Corp.*, 2012 WL 261982, at *2 (Baylson, J.); *see also Via Vadis, LLC*, 2012 WL 261367, at *2-3. This Court should not apply solely a generalized "Form 18 test" to the exclusion of the Supreme

Court's and Third Circuit's guidance in *Iqbal* and *Phillips*. Rather, the form may be useful within a context-specific inquiry into whether a plaintiff states a plausible claim of patent infringement. As discussed above, *supra* Section IV.B, Clouding's complaint fails this standard.

**C.    Clouding's Amended Complaint Fails to Make a Plausible Showing of Entitlement to Relief for Indirect Infringement.**

    **1.    Clouding's Claims of Induced Infringement Fail to Plead Either Direct Infringement or the Requisite Intent.**

Clouding amended its complaint in part to add allegations in counts III-VIII and XI of indirect (induced) infringement of patents asserted in the original complaint. But Clouding failed to adequately allege the predicate acts of direct infringement of these patents, which is fatal to its indirect infringement claims. *In re Bill of Lading*, 681 F.3d at 1333 ("It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement"); *Akamai Techs. Inc. v. Limelight Networks, Inc.*, No. 2009-1372, 2012 WL 3764695, at *4 (Fed. Cir. Aug. 31, 2012) (en banc) ("[T]here can be no indirect infringement without direct infringement."). Further, Clouding has failed to adequately allege indirect infringement because it does not allege facts plausibly showing that Oracle specifically intended its customers to infringe the patents-in-suit. *In re Bill of Lading*, 681 F.3d at 1339. Clouding merely concludes that "Oracle has induced others and continues to induce others, including but limited to Oracle's customers" to infringe. (D.I. 16, ¶¶ 22, 31, 40, 49, 58, 67, 90.) Based only on these unsupported conclusions, Clouding's seven indirect infringement claims in counts III-VIII and XI must be dismissed.

    **2.    Clouding's Claims of Pre-Suit Induced Infringement Fail to Plead the Requisite Intent.**

Clouding alleges Oracle has had knowledge of certain of the patents-in-suit "since at least the filing of the original complaint in this action." (D.I. 16, ¶¶ 20, 29, 38, 47, 56, 65, 88.) A

party can be liable for induced infringement only from the time the party knew of or was willfully blind to the patents-in-suit. *See* 35 U.S.C. § 271(b); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *In re Bill of Lading*, 681 F.3d at 1339. Clouding alleges no facts that Oracle knew of or was willfully blind to any patent-in-suit prior to the filing of the original complaint in this action, and therefore has not plausibly or adequately alleged knowledge of the patents-in-suit sufficient to state a claim for induced infringement arising from any conduct *before this suit was filed*. As a result, Clouding's claims alleging induced infringement arising from pre-suit acts (counts III-VIII and XI) should be dismissed, and any claim for damages arising from pre-suit conduct should be precluded.

### D.     Clouding's Amended Complaint Fails to Make a Plausible Showing of Entitlement to Relief for Willful Infringement.

For the first time, in its Amended Complaint, Clouding alleges willful infringement, in Counts III-XI.   The willfulness allegations are based entirely on allegations of Oracle's knowledge of the asserted patents arising after the filing of the original complaint.  (D.I. 16, ¶¶ 23, 32, 41, 50, 59, 68, 75, 82, 91.)  Willful infringement requires proof that a defendant "acted despite an objectively high likelihood that its actions constituted infringement," which includes that the defendant knew of the patent prior to receiving a complaint for infringement.  *Seagate*, 497 F.3d at 1371.  As this Court recently held, under *Seagate*, willfulness allegations based only on post-filing conduct are inadequate.  *SoftView*, 2012 WL 3061027, at *8.  Clouding alleges no facts to show that Oracle had the requisite mental state prior to this lawsuit.  Accordingly, Clouding's claims for willful infringement in counts III-XI should be dismissed.

### E.     Alternatively, Clouding Should Provide a More Definite Statement.

In the event that the Court finds the Complaint to contain facially plausible claims for infringement, then Oracle respectfully moves for a more definite statement.  FED. R. CIV. P.

10005619v1
9/13/2012 5:41 PM RLF1 7050486v.1

12(e). "When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific [defense]." *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006). Here, Clouding failed to allege basic facts underlying its complaint, failed to identify certain accused products, and failed to state the grounds for its accusations of infringement, leaving Oracle unable to respond. *Supra* at Section IV.B.

Courts grant motions under Rule 12(e) in patent cases for this reasons. *See, e.g., Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04-Civ-3090, 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004) (motion for more definite statement granted where plaintiff failed to identify any allegedly infringing product); *Bay Indus., Inc. v. Tru-Arx Mfg., L.L.C.*, No. 06-C-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006) (same); *In re Papst Licensing GmbH Patent Litig.*, No. 99-3118, 2001 WL 179926 (E.D. La. Feb. 22, 2001) (same); and *Static Control Components, Inc. v. Future Graphics, LLC*, No. 07CV00007, 2008 WL 160827 (M.D.N.C. Jan. 15, 2008) (same). By failing to identify an allegedly infringing product in some instances, and by identifying only broad, multi-featured products with no reference to the specific feature or function that allegedly infringes in others, Clouding has impermissibly attempted to "foist the burden of discerning what products it believes infringes the patent onto defense counsel." *eSoft, Inc. v. Astaro Corp.*, No. 06-cv-00441, 2006 WL 2164454, at *2 (D. Colo. July 31, 2006). As a result, Oracle cannot realistically frame a responsive pleading and a more definite statement is warranted.

## V.   CONCLUSION

Clouding's eleven counts of direct infringement, seven claims of indirect infringement, and nine claims of willfulness should be dismissed. Alternatively, the Court should order Clouding to provide a more definite statement that identifies specific allegedly infringing technologies and makes a sufficient showing of the facts underlying each claim for relief.

OF COUNSEL:

Douglas E. Lumish
Gabriel S. Gross
Patricia Young
Joseph B. Shear
Rebecca Unruh
KASOWITZ BENSON TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA  94065
(650) 453-5170

Robert Watkins
KASOWITZ BENSON TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
(212) 506-1780

September 13, 2012

*/s/ Elizabeth R. He*
Frederick L. Cottrell, III (#2555)
Elizabeth R. He (#5345)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
he@rlf.com

*Attorneys for Defendant Oracle Corporation*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2012, I caused to be served by **electronic mail and hand delivery** copies of the foregoing document upon the following counsel of record and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk
Stephen B. Brauerman
Vanessa Ribeiro Tiradentes
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4208
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

I further certify that on September 13, 2012, I caused to be served by **electronic mail** copies of the foregoing document upon the following counsel of record:

C. Michael Moore
Mark J. Ziegelbein
SNR Denton
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201-1858
mike.moore@snrdenton.com
mark.ziegelbein@snrdenton

*/s/ Elizabeth R. He*
Elizabeth R. He (#5345)
he@rlf.com