## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,

    Plaintiff,

           v.

ORACLE CORPORATION,

    Defendant.

C.A. No. 12-642-LPS

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT ORACLE CORPORATION'S MOTION TO DISMISS

October 1, 2012

Of Counsel:

SNR DENTON US LLP

Mark L. Hogge
Shailendra K. Maheshwari
1301 K Street, NW, Suite 600, East Tower
Washington, DC  20005-3364
(202) 408-6400
mark.hogge@snrdenton.com
shailendra.maheshwari@snrdenton.com

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Clouding IP, LLC*

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

RELEVANT FACTS ........................................................................................................ 2

LEGAL STANDARD ...................................................................................................... 2

ANALYSIS ...................................................................................................................... 3

   I.   Clouding's Allegations Successfully State A Claim For Direct Infringement. ................. 3

     A.   A Pleading That Satisfies Form 18 Is Sufficient. ........................................................ 3

     B.   Clouding Has Met The Pleading Standard Established By Form 18. ........................... 5

   II.   Clouding's Allegations Successfully State A Claim For Indirect Infringement. .............. 11

     A.   Clouding Has Alleged Predicate Acts Of Direct Infringement. .................................. 11

     B.   Clouding Has Properly Alleged that Oracle Intended to Induce Infringement. ........... 12

     C.   Clouding Has Pled Induced Infringement Based Only On Oracle's Conduct After Clouding Filed Its Original Complaint. .............................................................. 14

   III.   Clouding's Allegations Successfully State A Claim For Willful Infringement .............. 14

CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Affinity Labs of Texas, LLC v. Alpine Electronics of America, Inc.*,
No. 9:08-CV-171, 2009 U.S. Dist. LEXIS 130147 (E.D. Tex. 2009) ...................................18

*AstraZeneca AB v. Apotex Corp.*,
2010 U.S. Dist. LEXIS 58044 (S.D.N.Y. June 8, 2010) ........................................................17

*Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*,
553 F. Supp. 2d 939 (N.D. Ill. 2008) ...................................................................................14

*Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*,
2012 U.S. Dist. LEXIS 80292 (D. Minn. May 21, 2012) .....................................................17

*CSIRO v. Buffalo Technology*,
492 F.Supp. 2d 600 (E.D. Tex. 2007) ...................................................................................15

*DataQuill Ltd, v. High Tech Computer Corp.*,
No. 08-CV-543- IEG (BGS), 2011 U.S. Dist. LEXIS 138565 (S.D. Cal. December 1,
2011) ...............................................................................................................................15, 16, 18

*eBay v. MercExchange, L.L.C.*,
547 U.S. 388 (2006).................................................................................................................15

*Harrington v. State Farm Fire & Cas. Co.*,
563 F.3d 141 (5th Cir. 2009) ...................................................................................................2

*Hill v. Der*,
521 F. Supp. 1370 (D. Del. 1981)........................................................................................2, 3

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007).................................................................................13, 14, 17

*Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*,
759 F. Supp. 2d 387 (S.D.N.Y. 2010)...................................................................................16

*Kadant Johnson Inc. v. D'Amico*,
2012 U.S. Dist. LEXIS 79648 (E.D. La. June 8, 2012)..........................................................14

*Krippelz v. Ford Motor Co.*,
675 F. Supp. 2d 881 (N.D. Ill. 2009) ...................................................................................16

*Molyneaux v. Glickman*,
   NO. 2000-0167, 2004 U.S. Dist. LEXIS 16079 (D.V.I. Aug. 11, 2004)...................................2

*St. Clair Intellectual Prop. Consultants v. Apple*,
   No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280 (D. Del. 2011)........................................2

*St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc., et al.*,
   No. 06-404-JJF-LPS, 2009 U.S. Dist. LEXIS 49922 (D. Del. 2009) (Stark, J.) ....................16

*State Indus., Inc., v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985).............................................................................................13

*Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*,
   No. 11 Civ. 4256 (JSR), 2012 U.S. Dist. LEXIS 92196 (S.D.N.Y. June 25, 2012)...............15

OTHER AUTHORITIES

5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357 .............................................2

iii

## **INTRODUCTION**

Plaintiff Clouding IP, LLC ("Clouding") files this Response to the Motion to Dismiss ("MTD") filed by Defendant Oracle Corporation ("Oracle").  (D. I. No. 18.)  This Court should deny Oracle's Motion to Dismiss because Clouding has met the threshold requirements for asserting claims of direct infringement, induced infringement and willful infringement against Oracle.

Oracle's arguments to dismiss Clouding's direct infringement claims fail because Clouding has met the pleading requirements of Form 18 of the Federal Rules of Civil Procedure. Despite Oracle's arguments otherwise, Form 18 remains valid absent an act of Congress. Accordingly, compliance with Form 18 constitutes sufficient pleading of direct infringement.

Oracle's arguments to dismiss Clouding's induced infringement claims fail because Clouding has alleged the predicate acts of direct infringement of its patents by Oracle's customers and Oracle's ongoing intent to encourage this infringement.  Where, as here, allegations are based exclusively on post-filing conduct, the filing of the original complaint gives defendants the requisite knowledge, and their deliberate decision to continuing infringing satisfies the intent prong for induced infringement.

Likewise, Oracle's arguments to dismiss Clouding's willful infringement claims fail because they rely on a bright line rule that does not exist.  While Defendants assert that willfulness claims cannot be based solely on post-filing conduct, the Federal Circuit has merely stated that such claims *generally* cannot be based on post-filing conduct because another remedy (namely injunctive relief) exists for post-filing infringement.  This "general" approach does not expressly foreclose such claims and is inapplicable to Clouding which, as a non-practicing entity,

1

cannot rely on injunctive relief as a remedy for Oracle's ongoing infringement.  Accordingly, Clouding asks this Court to reject Oracle's arguments and deny its Motion to Dismiss.

In the alternative, Oracle moves the Court to require Clouding to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Oracle's alternative Motion should likewise be rejected for the reasons above, and because discovery is the proper tool to narrow claims in complex patent litigation.

## RELEVANT FACTS

Clouding has alleged that Oracle makes, uses, sells, offers for sale and/or imports into the United States products and/or services for cloud computing and that at least some of these products and/or services infringe on the patents-at-issue.  Clouding has further alleged that Oracle has had actual knowledge of the patents-at-issue since at least May 22, 2012, when Clouding filed its Original Complaint.  (D.I. No. 1).  In its Amended Complaint, Clouding has alleged that, despite this actual knowledge, Oracle has continued to induce infringement of the patents-at-issue and that, after receiving the Original Complaint, Oracle has willfully continued its infringement of the patents-at-issue.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim is viewed with disfavor and should be granted "only in the rarest of circumstances."  *Hill v. Der*, 521 F. Supp. 1370, 1390 (D. Del. 1981) (citing 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357 at 598); *see also Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (A motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."); *Molyneaux v. Glickman*, No. 2000-0167, 2004 U.S. Dist. LEXIS 16079 (D.V.I. Aug. 11, 2004) ("The Rule 12(b)(6)

motion is viewed with disfavor and rarely granted."). "Thus, the Court may grant such a motion to dismiss only if, after accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *St. Clair Intellectual Prop. Consultants v. Apple*, C.A. No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280, at *3 (D. Del. Sept. 30, 2011) (Stark, J.) (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000)). Accordingly, a court faced with such a motion should view the allegations liberally, "giving plaintiffs the benefit of all inferences which fairly can be drawn therefrom," and only grant the motion if "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Hill*, 521 F. Supp. at 1386 (quoting *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 444 (3rd Cir. 1977)).

Similarly, motions for a more definite statement "are generally viewed with disfavor, particularly where the information sought by the motion could easily be obtained by discovery." *St. Clair*, 2011 U.S. Dist. LEXIS 112280, at *6 (holding that narrowing of issues regarding infringement is best achieved through use of traditional mechanisms of discovery); *see also Symbol Techs., Inc. v. Hand Held Prods.*, C.A. No. 03-102-SLR, 2003 U.S. Dist. LEXIS 21002, at *9 (D. Del. Nov. 14, 2003) (Robinson, J.) ("The purpose, however, of Rule 12(e) is not to make it easier for the moving party to prepare its case . . . [the] traditional mechanisms of discovery are the proper tools to refine the scope of this litigation.").

## ANALYSIS

### I. Clouding's Allegations Successfully State A Claim For Direct Infringement.

#### A. A Pleading That Satisfies Form 18 Is Sufficient.

3

Despite Oracle's insistence otherwise, it remains black letter law that a patent infringement pleading that satisfies Form 18 of the Federal Rules of Civil Procedure may not be dismissed for failure to state a claim.

Federal Rule of Civil Procedure 84 states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Simply put, a pleading that complies with Form 18 is sufficient. *St. Clair*, 2011 U.S. Dist. LEXIS 112280, at *6-7 (D. Del. Sept. 30, 2011) (Stark, J.) (discussing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007)). As this Court has held, "[a]bsent an explicit abrogation of these forms . . . this court presumes that they are sufficient to withstand attack under the rules under which they are drawn and practitioners using them may rely on them to that extent." *Mark IV Indus. Corp. v. Transcore, L.P.*, 2009 U.S. Dist. LEXIS 112069, at *9-10 (D. Del. Dec. 2, 2009) (Sleet, J.).

Oracle complains that the heightened pleading standard established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and A*shcroft v. Iqbal*, 556 U.S. 662 (2009) supplants Form 18, (MTD at 17), but that is impossible because changes to the Federal Rules of Civil Procedure "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *see also Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) ("While there may be criticism of the text of Form 18, it is not within our power to rewrite it; only an act of Congress can revise the Federal Rules."). Accordingly, the Federal Circuit has

4

already rejected Oracle's argument, reaffirming that "Form 18 sets forth a sample complaint for direct patent infringement" and that, even after *Twombly* and *Iqbal*, a practitioner may rely on Form 18 "to withstand attack under the rules under which they are drawn." *In re Bill of Lading*, 681 F.3d at 1333-34. While Oracle has cobbled together snippets from dissents and decisions that pre-date the Federal Circuit's reaffirmation of Form 18 in *In re Bill of Lading*, the Federal Circuit has made it clear that there is no room for debate on this issue:

> [T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, ***the Forms control***."

*Id*. at 1334 (emphasis added). Thus, to deny Oracle's Motion to Dismiss Clouding's direct infringement claims, the Court only needs to determine that Clouding's claims satisfy the pleading standard set by Form 18. *See IpVenture Inc. v. Lenovo Group Ltd.*, C.A. No. 11-588-RGA, 2012 U.S. Dist. LEXIS 90783, at *5 (D. Del. June 29, 2012) ("[M]inimal allegations . . . are all that are required to satisfy Form 18 and to state a claim of direct infringement.") (Andrews, J.). As explained below, Clouding's claims do so.

**B.     Clouding Has Met The Pleading Standard Established By Form 18.**

This Court and the Federal Circuit have held that to be consistent with Form 18 and thereby plead a claim of patent infringement, only the following is required:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [a device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*St. Clair*, 2011 U.S. Dist. LEXIS 112280 at *6 (quoting *McZeal*, 501 F.3d at 1356-57; *see also*

*EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 531-32, (D. Del. July 12,

2011) (interpreting Form 18 to require same elements).  Each of Clouding's direct infringement claims meets the requirements of Form 18.

### 1.   *Clouding Has Adequately Identified Infringing Products.*

Oracle argues that Clouding's direct infringement claims fail because Clouding has failed to identify allegedly infringing products.  (MTD at 8, 10, 11.)  According to Oracle, Clouding must identify a single specific product or service that infringes on Clouding's patent.  But as this Court has previously held, "it is not necessary to identify specific products, i.e. model names." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010) (citing *Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 469 (D. Del. 2010).  Instead, plaintiffs' pleadings only need to "mimic Form 18 and identify a general category of products." *Id.*

Based on Form 18, this Court has repeatedly refused to dismiss pleadings so long as they identify a broad category of possibly infringing products.  In doing so, the Court has consistently held that discovery—rather than a motion to dismiss—is the proper way to narrow the issues and identify specific products.  In *St. Clair*, defendant Research In Motion Corporation ("RIM") filed motions to dismiss and for a more definite statement, arguing that St. Clair's Complaint, which "specifically identifie[d] the category of infringing products as 'smartphones and tablets,'" identified "nearly every product sold by RIM and, thus, provide[d] insufficient notice."  2011 U.S. Dist. LEXIS 112280 at *8-9.  This Court rejected that argument, holding that "it is not necessary to identify specific products," and the "narrowing of issues regarding infringement is best achieved through the use of traditional mechanisms of discovery."  *Id.*

6

Likewise, in *Applera Corp. v. Thermo Electron Corp.*, defendant Thermo asserted that it could not determine the issues in the case "because the plaintiffs failed to identify which of its ninety-three mass spectrometers, in sixteen product lines, that it has manufactured since 1990 allegedly infringe the '736 patent."  C.A. No. 04-1230(GMS), 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005).  The Court rejected Thermo's argument because the large number of products captured by the category of infringing products was not a pleading deficiency, stating that "[w]hile the court understands and endorses Thermo's desire to narrow the issues of this litigation as early on in the process as possible, it believes that this goal is best achieved through the use of traditional mechanisms of discovery."  *Id.*

Finally, in *IpVenture*, this Court recognized that the accusations of infringement encompassed virtually all of Dell's products and agreed that "the description of the accused infringing products . . . [was] so general as to be meaningless," but nevertheless concluded that even that threadbare pleading met Form 18's requirements and was thus sufficient.  2012 U.S. Dist. LEXIS 90783 at *6.

Despite the clarity of these holdings, Oracle argues that Clouding's identifications of product categories in Counts I, II, IV and IX somehow falls short.  Specifically, Oracle argues:

- In Counts I and II, the product described as "Oracle 11g Release 2" can refer to "a number of very different Oracle products," thus, *"Oracle is left to guess* which of its many 'Oracle' products associated with '11g' and 'Release 2' Clouding believes infringes."  (MTD at 8 (emphasis added).)([1]

- "In Count IV, Clouding *fails to identify a product* that directly infringes the '637 patent" instead accusing "unnamed 'cloud computing products

_____

[1] This assertion relates to Clouding's claims of infringement on its U.S. Patent Nos. 6,631,449 and 6,918,014.

7

and/or services configurable through' another product called 'Oracle VM Manager." (MTD at 10 (emphasis added).)[2]

- "In Count IX, Clouding *fails to identify any particular commercial product or service* that directly infringes the '607 patent," instead accusing "some unnamed 'systems, and product . . . made/or used by Oracle to monitor the health of servers and computers running Oracle Cloud Computing service." (MTD at 11 (emphasis added).)[3]

But as explained above, Form 18 does not require Clouding to identify a specific product or service that infringes on Clouding's patent.

Counts I and II identify "Oracle's Oracle 11g Release 2" as the infringing product and Oracle concedes that it has multiple products that fall under that nomenclature. Accordingly—and consistent with the requirements of Form 18—Clouding has thus identified a category of products that may be associated with the name "Oracle 11g Release 2." Likewise, Count IV, identifies a general category of products and/or services that are configurable through another product called "Oracle VM Manager," and Count IX, identifies a general category of systems and products made/or used by Oracle to monitor the health of servers and computers running Oracle Cloud Computing service. While Oracle complains that "Oracle is left to guess which of its many 'Oracle' products associated with '11g' and 'Release 2' Clouding believes infringes," (MTD at 8) and that such descriptions leave Oracle in the dark as to the grounds for Clouding's claims (MTD at 11), such general categories are all that Form 18 requires.

The Court should deny Oracle's motion because Clouding has properly identified infringing products according to Form 18's pleading standards, and because discovery is the

---

[2] This assertion relates to Clouding's claims of infringement on its U.S. Patent No. 7,065,637.

[3] This assertion relates to Clouding's claims of infringement on its U.S. Patent No. 5,495,607.

proper tool for confirming or narrowing the products captured by the general categories of products to which Oracle objects.

### 2.    *Clouding Has Alleged Plausible Claims Of Direct Infringement.*

Oracle asserts that each of Clouding's direct infringement claims fail because "Clouding makes conclusory allegations about broad fields of computer science, but no showings to support direct infringement claims."  (MTD at 1.)  But this Court has already rejected the argument that a patent plaintiff must plead specific factual allegations in addition to Form 18's pleading requirements.  *See Xpoint Techs., Inc. v. Microsoft Corp.,* 730 F. Supp. 2d 349 (D. Del. 2010) (Robinson, J.); *Mark IV,* 2009 U.S. Dist. LEXIS 112069, at *9-10 ("Given this language, and the practical difficulties of pleading patent infringement with more specificity than that required by Form 18, it is evident that *Iqbal* does not require the degree of specificity demanded by TransCore."); *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 532 (D. Del. 2011) (Robinson, J.) (rejecting Defendants' assertion that plaintiff's complaint was insufficient because no individual defendant was alleged to infringe each and every element of claim in patent, and holding that plaintiff fulfilled its minimal requirements for pleading direct infringement).

To allow a Plaintiff to plead the minimum required by Form 18 is especially important because, as this Court observed in *Xpoint*, "all a plaintiff ordinarily has access to at this stage of litigation is public information and knowledge . . . Therefore, a plaintiff cannot be expected to allege factual details toward how an infringing device works."  730 F. Supp. 2d at 353 (D. Del. 2010) (citing  *McZeal*, 501 F.3d at 1357).    Accordingly, "[a] plaintiff is not required to

specifically include each element of the asserted patent's claims or even identify which claims it is asserting; nor is it required to describe how the allegedly infringing products work." *Id.*

The Federal Circuit has likewise held that plausibility requirements that apply to other civil pleadings are not applicable to patent cases. *In re Bill of Lading*, 681 F.3d at 1335 (Fed. Cir. 2012) (rejecting the argument "that the amended complaints are deficient because they do not describe precisely how each element of the asserted claims are practiced by their customers" and holding that "[w]hen compared to the requirements of Form 18, this argument is premised on a pleading standard that is too stringent.") (citing *McZeal*, 501 F.3d at 1356-57).   Indeed, according to the Federal Circuit, "*a plaintiff need not even identify which claims it asserts are being infringed*." *Id.*  (emphasis added).

Simply put, Form 18 does not require the type of factual showing that Oracle demands. Oracle's argument for a heightened pleading standard is rejected, the only question that remains for this Court is whether Clouding complied with Form 18's pleading requirements.   It did. Aside from the general assertions relating to jurisdiction, notice, and damages, Form 18 merely requires a plaintiff to make "a statement that the plaintiff owns the patent" and "a statement that defendant has been infringing the patent by making, selling, and using [a device] embodying the patent."  *McZeal*, 501 F.3d at 1356-57; *see also* FED. R. CIV. P. Form 18.  A plaintiff that does so sufficiently pleads infringement.   Clouding has done this for each count in its Amended Complaint.

Specifically, Clouding has listed eleven patents, all of which it owns.[4]  Oracle's motion does not contain a single assertion that Clouding has failed to identify a patent it owns for any count in the Amended Complaint.  Likewise, in each count, Clouding has indentified a category of products or services that are infringing on Clouding's patents listed.   As addressed in the previous section, Oracle's argument that Clouding's identifications of product categories in Counts I, II, IV and IX somehow falls short must be rejected, and Oracle has not raised this challenge to any other count in the Amended Complaint.   Under Rule 18, that is enough. Because Clouding has complied with the pleading standards of Form 18, Oracle's insistence that Clouding make a greater factual showing must be rejected.

## II. Clouding's Allegations Successfully State A Claim For Indirect Infringement

Oracle erroneously claims that Clouding's First Amended Complaint fails to state a claim for induced infringement "because Clouding failed to adequately allege the predicate acts of direct infringement of these patents," and because the Complaint "does not allege facts plausibly showing that Oracle specifically intended its customers to infringe the patents-in-suit."  (MTD at 18.)  Finally, Oracle seeks to dismiss "claims of pre-suit induced infringement" that Clouding has not actually plead.   (*Id*. at 18-19.)

### A. Clouding Has Alleged Predicate Acts Of Direct Infringement.

Oracle's argument that Clouding has failed to allege a predicate act of direct infringement is nothing more than a rehash of its argument—already dealt with above—that Clouding has failed to plead direct infringement despite fully complying with Form 18 of the Federal Rules of

---

[4] Clouding's Amended Complaint states that it owns United States Patent Nos. 6,631,449, 6,918,014, 7,596,784, 7,596,784, 6,738,799, 5,944,839, 5,825,891, 5,678,042, 5,495,607, 7,254,621, and 6,925,481.

Civil Procedure.  But, in each count that Oracle challenges, Clouding identifies a specific patent owned by Clouding, the products and/or services that infringe that patent, and the steps that Oracle has taken to encourage and facilitate its customers' direct infringement:

> Since at least the filing of the original complaint in this action, Oracle has had actual knowledge of the … patent and has known that the use of such products and/or services by its customers constituted direct infringement of the . . . patent. Despite Oracle's actual knowledge of the . . .  patent and the knowledge that its customers infringed, Oracle continued to, and still continues to, actively encourage its customers to infringe . . . .

(Pl.'s Am. Compl. ¶¶ 22, 31, 40, 49, 58, 67, 90.)

As the non-movant, Clouding is entitled to all reasonable inferences that can be drawn from its Complaint.  *See In re Bill of Lading*, 681 F.3d at 1337 ("[W]e note a flaw that pervades the district court's assessment of R+L's allegations of induced infringement—its failure to draw all reasonable inferences in favor of the non-moving party.").  Given Clouding's allegations in each induced infringement count that "Oracle's customers who use such products and/or services directly infringe the claims of the . . . patent" and that "Oracle has had actual knowledge of the . . . patent and has known that the use of such products and/or services by its customers constituted direct infringement of the . . . patent," the *only* reasonable inference is that Clouding has properly alleged these predicate infringing acts.

## B.      Clouding Has Properly Alleged that Oracle Intended to Induce Infringement.

Oracle claims that Clouding has failed to properly allege intent to induce infringement for counts III-VIII and XI of the Amended Complaint, stating that Clouding "merely concludes" Oracle's intent to induce.  (MTD at 18.)  But a claim of induced infringement can be based on nothing more than "the fact that [a] defendant received [a] letter accusing its products of infringement and continued to sell products containing [the] allegedly infringing component."

12

*Monec Holding AG v. Motorola Mobility, Inc.*, 2012 U.S. Dist. LEXIS 108993 (D. Del. Aug. 3, 2012) (Stark, J.) (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010)).

Accordingly, intent to induce infringement is adequately pled by an allegation that the defendant, with knowledge of the infringed patent, has continued to engage in marketing and distributing its allegedly infringing products. *See Netgear, Inc. v. Ruckus Wireless, Inc.*, C.A. No. 10-999-SLR, 2012 U.S. Dist. LEXIS 43697, at *13-15 (D. Del. Mar. 28, 2012) (Robinson, J.) ("Plaintiff's allegations that defendant is involved in the 'marketing and distribution' of its products are sufficient to claim induced infringement.") (collecting cases); *see also Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 927 (W.D. Wis. 2010) ("[A]llegations that defendant "participated in marketing the allegedly infringing products" are sufficient to "permit an inference that [defendant] possessed the specific intent to encourage infringement and actively aided and abetted . . . alleged infringement."); *Weiland Sliding Doors and Windows*, 2012 U.S. Dist. LEXIS 7021, 2012 WL 202664, at *6 (finding that plaintiff sufficiently alleged specific intent to induce infringement based on allegation that "[w]ith knowledge that their products were infringing, Defendants distributed them to third parties who, in offering for sale, selling, assembling, installing, and using the products, directly infringed").

As discussed above, Clouding has properly alleged in each of these counts that Oracle was aware of Clouding's patents and of the direct infringement of these patents by Oracle's customers' use of its products and/or services, but nevertheless continued to sell its products and encourage its customers' infringing use:

> Despite Oracle's actual knowledge of the . . . patent and the knowledge that its customers infringed, Oracle continued to, and still continues to, actively encourage its customers to infringe by, *inter alia*, making using offering for sale, selling and/or importing products and/or services that are covered by one or more

13

> claims of the . . . patent.   Oracle further intends that its customer use such
> products and/or services in a manner that infringes the claims of the . . . patent.

(Pl.'s Am. Compl. ¶¶ 22, 31, 40, 49, 58, 67, 90.)  Based on controlling case law, this is adequate

to plead intent and, accordingly, Clouding has sufficiently alleged that Oracle intended to induce

infringement.

### C.      Clouding Has Pled Induced Infringement Based Only On Oracle's Conduct After Clouding Filed Its Original Complaint.

Oracle needlessly argues that Clouding's "claims of pre-suit induced infringement fail to

plead the requisite intent" and must be dismissed.  (MTD at 18-19.)  Clouding has not pled any

such claims.   Instead, each of Oracle's claims of induced infringement is based on Oracle's

conduct *after* the filing of the original complaint in this case.   Accordingly, Oracle seeks to

dismiss claims that Clouding has never pled.

### III.    Clouding's Allegations Successfully State A Claim For Willful Infringement

This Court should deny Oracle's Motion to Dismiss Clouding's claims for willful

infringement because Clouding has properly alleged that Oracle continues to infringe on

Clouding's patents despite being aware that these patents exist and that there is an objectively

high likelihood that its actions infringed and continue to infringe on Clouding's patents.  *See*

*State Indus., Inc., v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully

infringe a patent, the patent must exist and one must have knowledge of it."); *In re Seagate*

*Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[T]o establish willful infringement, a

patentee must show by clear and convincing evidence that the infringer acted despite an

objectively high likelihood that its actions constituted infringement of a valid patent.").

14

Oracle moves to dismiss based on a bright-line rule that does not actually exist.  (MTD at 2, 19.)  While Oracle argues that willful infringement can never be based on post-filing conduct, that is not the Federal Circuit's holding.  *See Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 553 F. Supp. 2d 939, 955 (N.D. Ill. 2008) ("The Federal Circuit in *Seagate* did not foreclose all consideration of post-litigation conduct in the willful infringement analysis."); *Kadant Johnson Inc. v. D'Amico*, 2012 U.S. Dist. LEXIS 79648, 4-6 (E.D. La. June 8, 2012) ("[T]here is no per se bar to damages for willful infringement based on post-filing conduct if no injunction is filed.").  Instead, the Federal Circuit recognized that grounds for willfulness can arise after a lawsuit is filed, *Seagate*, 497 F.3d at 1374 ("patent infringement is an ongoing offense that can continue after litigation has commenced"), but held that a preliminary injunction "*generally* provides an adequate remedy for combating post-filing willful infringement."  *Id*. (emphasis added).  Under the Federal Circuit's reasoning, a request for preliminary injunctive relief is dispositive of willfulness in most cases because either (1) entry of a preliminary injunction will prevent willful infringement from occurring, (2) a plaintiff's failure to seek a preliminary injunction bars it from complaining that the defendant continued to infringe, *id*. ("[a] patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct"), or (3) the court's denial of a preliminary injunction request shows that the merits of the infringement claims are not sufficiently strong to support a claim of willfulness.  *Id*.  ("[I]f a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.").

15

But the Federal Circuit's reasoning that willful infringement is rendered unnecessary by a preliminary injunction falls by the wayside where, as here, temporary injunctive relief is not realistically available for reasons unrelated to the merits of the case.  If a plaintiff is effectively unable to seek a preliminary injunction, such an injunction cannot "generally provide an adequate remedy for combating post-filing willful infringement," and the claim of  willful infringement remains the plaintiff's only available remedy.  This is of special relevance in this case because, since the Supreme Court's landmark ruling in *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), patent holders who are non-practicing entities (NPEs) are frequently faced with extraordinary, post-litigation willful infringement that cannot be remedied through injunctive relief.

Post-*eBay*, it has become generally accepted that NPEs cannot secure injunctive relief to stop  post-litigation  willful  infringement.[5]  *See, e.g., DataQuill Ltd, v. High Tech Computer Corp.*, C.A. No. 08-CV-543- IEG (BGS), 2011 U.S. Dist. LEXIS 138565, at *41 (S.D. Cal. December 1, 2011) ("DataQuill would not have been able to obtain a preliminary injunction because it does not practice the patents-in-suit and it does not compete with HTC."); *Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*, C.A. No. 11 Civ. 4256 (JSR), 2012 U.S. Dist. LEXIS 92196, 33-34 (S.D.N.Y. June 25, 2012) ("The pursuit of preliminary, injunction may fail for reasons other than its lack of merit on the underlying claim.  Even a strong claim for injunctive

---

[5] Since *eBay*, research organizations have been the only NPEs able to demonstrate irreparable harm (and thus obtain a preliminary injunction to stop willful infringement).  *See e.g., CSIRO v. Buffalo Technology*, 492 F.Supp. 2d 600, 604 (E.D. Tex. 2007) (citing loss of research funding and recruitment of "best scientific minds" as sufficient irreparable harm for injunction).

relief will ordinarily fail when an inventor, who does not practice the invention and does not compete with the infringer, sues for injunction.").[6]

Accordingly, "[s]everal district courts have recognized that a patentee who neither practices its invention nor directly competes with the accused infringer is excused from *Seagate's* rule that a patentee must seek an injunction to sustain a claim for post-filing willful infringement." *DataQuill*, 2011 U.S. Dist. LEXIS 138565, at *39.  As one court explained:

> [The plaintiff] could not have gotten an injunction in this case, and, while only the Court knows that for a certainty, [the plaintiff] could reasonably and wisely conclude that he would not win; that it would be a waste of time and resources, his own and the Court's, to make the effort. In other words, under *eBay*, [the plaintiff] likely could not have obtained preliminary injunctive relief because the balance of hardships favored [the defendant]. *Seagate **does not require that [the plaintiff] file a motion he did not stand a reasonable chance of winning in order to perfect a claim for willful infringement***.

*Krippelz v. Ford Motor Co.*, 675 F. Supp. 2d 881, 898 (N.D. Ill. 2009) (emphasis added); *see also St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc., et al.*, C.A. No. 06-404-JJF-LPS, 2009 U.S. Dist. LEXIS 49922, at *4 (D. Del. 2009) ("Further, there is no per se requirement for a plaintiff to file for preliminary injunctive relief before raising a willful infringement claim.") (Stark, J.).  This approach reflects the reality of the post-*eBay* landscape for NPEs:  Absent the availability of injunctive relief, NPEs faced with ongoing, post-filing, willful infringement fall outside of Seagate's "ordinary circumstances" and thus require enhanced damages as their only remedy for ongoing willful infringement.  *See Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 412 (S.D.N.Y. 2010) (citing "a patentee's

---

[6] Courts have noted that counsel may choose not to seek a preliminary injunction in light of his ethical obligations under Rule 11 of the Federal Rules of Civil Procedure.  *See e.g.*, *DataQuill*, 2011 LEXIS 138565, at *41 (quoting *Affinity Labs of Texas, LLC v. Alpine Electronics of America, Inc.*, No. 9:08-CV-171, 2009 U.S. Dist. LEXIS 130147, at *11 (E.D. Tex. 2009)).

17

neither practicing its invention nor directly competing with the accused infringer (rendering its failure to seek a preliminary injunction reasonable)" as among the "limited circumstances under which a patentee may sustain a claim of post-filing willful infringement despite the patentee's failure to first seek a preliminary injunction"). Indeed, if a permanent injunction is no longer a credible threat, accused infringers have little to no incentive to settle with a non-practicing patent owner because at the end litigation, the infringer will be no worse off than at the outset— regardless of whether it wins or loses.

Courts have also recognized that the "post-filing conduct" that the Federal Circuit disfavored as a basis for willful infringement in *Seagate* does not necessarily refer to conduct after the filing of an original complaint if willful infringement is alleged for the first time in an amended complaint. *See Seagate*, 497 F.3d at 1374 ("a willfulness claim asserted in the *original* complaint must necessarily be grounded in the accused infringer's pre-filing conduct") (emphasis added). Instead, the better reading of *Seagate* is that a willful infringement claim must be based on conduct occurring prior to the filing of the claim for willful infringement, not the filing of an original complaint alleging only ordinary infringement. As one court explained in a case in which, like here, the willfulness claim was alleged in the amended complaint:

> [T]he "filing" to which *Seagate* refers when it says that  a preliminary injunction must be filed to stop an infringer's "post-filing" conduct is not the original complaint but rather the Second Amended complaint; it is only in the latter pleading that [the plaintiff] alleges willful infringement . . . Understood this way, the Court agrees with [the plaintiff] that its willfulness claim is not based solely on [the defendant's] "post-filing" conduct.

*AstraZeneca AB v. Apotex Corp.*, 2010 U.S. Dist. LEXIS 58044, at *,14-16 (S.D.N.Y. June 8, 2010); *see also Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 2012 U.S. Dist. LEXIS 80292,

18

59-60 (D. Minn. May 21, 2012) ("It is the infringer's conduct before a willful infringement claim is filed that supports a prelitigation willful infringement claim, not just the conduct before the filing of a general infringement claim. . . . [The plaintiff] filed its willful infringement claim on May 10, 2010.  Therefore, there are five months of pre-filing conduct on which to base its willfulness claim.").

For these reasons, many courts have recognized willful infringement claims based on conduct occurring after the filing of an original complaint.  For example, in both *DataQuill* and *Affinity Labs,* defendants argued that claims for willful infringement were barred as a matter of law because the plaintiffs were only seeking damages for post-filing conduct and had not sought preliminary injunctions.  *DataQuill*, 2011 LEXIS 138565, at *35; *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *7.  In both cases, the courts rejected the position that prevailing on a request for a preliminary injunction is a prerequisite for asserting a willfulness claim based solely on post-filing conduct,  *DataQuill*, 2011 LEXIS 138565, at *35; *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *8.   Accordingly, in both cases, the courts refused to foreclose the plaintiffs' claims.  *DataQuill*, 2011 LEXIS 138565, at *51 (denying defendant's motion for summary judgment on willful infringement claim); *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *12-13 (denying motion to dismiss for failure to state a claim after finding that the complaint states a claim to relief that is plausible on its face).

While Oracle asserts that Clouding has failed to plead facts to support its claim of willful infringement, Oracle's actual assertion is that Clouding is barred from raising such claims if they are based solely on conduct that occurred after the filing of the original complaint.  But, because

there is no bar from relying solely upon such conduct to support a claim of willfulness, this Court

should reject Oracle's argument, and deny its Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, Oracle's Motion to Dismiss and its Motion for a More Definite

Statement should be denied.

October 1, 2012                                         BAYARD, P.A.

Of Counsel:                                             /s/ Stephen B. Brauerman
                                                        Richard D. Kirk (rk0922)
SNR DENTON US LLP                                       Stephen B. Brauerman (sb4952)
                                                        Vanessa R. Tiradentes (vt5398)
Mark L. Hogge                                           222 Delaware Avenue, Suite 900
Shailendra K. Maheshwari                                P.O. Box 25130
1301 K Street, NW, Suite 600, East Tower                Wilmington, DE 19899
Washington, DC 20005-3364                               (302) 655-5000
(202) 408-6400                                          rkirk@bayardlaw.com
mark.hogge@snrdenton.com                                sbrauerman@bayardlaw.com
shailendra.maheshwari@snrdenton.com                     vtiradentes@bayardlaw.com

                                                        *Attorneys for Plaintiff Clouding IP, LLC*