**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUDING IP, LLC, | |
| Plaintiff, | C.A. No. 12-642-LPS |
| v. | **JURY TRIAL DEMANDED** |
| ORACLE CORPORATION, | |
| Defendant. | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Clouding IP, LLC makes the following allegations against Defendant Oracle Corporation:

## PARTIES

1. Plaintiff Clouding IP, LLC ("Clouding") is a Delaware limited liability company having a principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

2. On information and belief, Defendant Oracle Corporation ("Oracle") is a Delaware corporation with its principal executive offices at 500 Oracle Parkway, Redwood City, California, 94065. On information and belief, Defendant may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Oracle is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of the rights and benefits of Delaware by incorporating under Delaware law and due to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).  Oracle is incorporated in this District, and on information and belief, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,631,449

6.      Plaintiff Clouding realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7.      Plaintiff Clouding is the owner by assignment of United States Patent No. 6,631,449 ("the '449 patent") titled "Dynamic Distributed Data System and Method."  The '449 patent was duly and legally issued by the United States Patent and Trademark Office on October 7, 2003.  Clouding is the owner by assignment from Symantec Corporation of the '449 patent.  A true and correct copy of the '449 patent is included as Exhibit A.

8.      Oracle makes, uses, sells, and offers for sale in the United States products and/or services for distributed computing.  On information and belief, at least some of Oracle's distributed computing products and/or services, including without limitation Oracle Database 11g Release 2, provide or support the use of server-to-server or peer-to-peer communication.  On

information and belief, one such distributed computing product and/or service that provides or supports the use of server-to-server or peer-to-peer communication is Oracle Database 11*g* Release 2, which includes the ADVM (ASM Dynamic Volume Manager) feature.

9.      On information and belief, Oracle has directly infringed and continues to infringe the '449 patent by, among other things, making, using, offering for sale, and/or selling distributed computing products and/or services patented under the '449 patent.  Such distributed computing products and/or services include, by way of example and without limitation, use of Oracle Database 11*g* Release 2, which is covered by one or more claims of the '449 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling distributed computing products and/or services patented under the '449 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '449 patent pursuant to 35 U.S.C. § 271(a).

10.      As a result of Oracle's infringement of the '449 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 6,918,014**

11.      Plaintiff Clouding realleges and incorporates by reference paragraphs 1-10 above, as if fully set forth herein.

12.      Plaintiff Clouding is the owner by assignment of United States Patent No. 6,918,014 ("the '014 patent") titled "Dynamic Distributed Data System and Method."  The '014 patent was duly and legally issued by the United States Patent and Trademark Office on

July 12, 2005.  Clouding is the owner by assignment from Symantec Corporation of the '014 patent.  A true and correct copy of the '014 patent is included as Exhibit B.

13.     Oracle makes, uses, sells, and offers for sale in the United States products and/or services for distributed computing.  On information and belief, at least some of Oracle's distributed computing products and/or services, including without limitation Oracle Database 11*g* Release 2, provide or support the use of server-to-server or peer-to-peer communication.  On information and belief, one such distributed computing product and/or service that provides or supports the use of server-to-server or peer-to-peer communication is Oracle Database 11*g* Release 2, which includes the ADVM (ASM Dynamic Volume Manager) feature.

14.     On information and belief, Oracle has directly infringed and continues to infringe the '014 patent by, among other things, making, using, offering for sale, and/or selling distributed computing products and/or services patented under the '014 patent.  Such distributed computing products and/or services include, by way of example and without limitation, use of Oracle Database 11*g* Release 2, which is covered by one or more claims of the '014 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling distributed computing products and/or services patented under the '014 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '014 patent pursuant to 35 U.S.C. § 271(a).

15.     As a result of Oracle's infringement of the '014 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 7,596,784**

16.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

17.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,596,784 ("the '784 patent") titled "Method System and Apparatus for Providing Pay-Per-Use Distributed Computing Resources."  The '784 patent was duly and legally issued by the United States Patent and Trademark Office on September 29, 2009.  Clouding is the owner by assignment from Symantec Corporation of the '784 patent.  A true and correct copy of the '784 patent is included as Exhibit C.

18.     Oracle makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Oracle's cloud computing products and/or services provide or support pay-per-use cloud computing.

19.     On information and belief, Oracle has directly infringed and continues to infringe the '784 patent by, among other things, making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent.  Such pay-per-use cloud computing products and/or services include, by way of example and without limitation, Oracle Enterprise Manager 12$^c$, which is covered by one or more claims of the '784 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '784 patent pursuant to 35 U.S.C. § 271(a).

20.     Oracle has had actual knowledge of the '784 patent since at least the filing of the original complaint in this action.

21.     On information and belief, Oracle has and continues to indirectly infringe one or more claims of the '784 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

22.     On information and belief, Oracle has induced others and continues to induce others, including but not limited to Oracle's customers and end-users, to infringe the '784 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services that when used as intended infringe the '784 patent.  Such products and/or services include, by way of example and without limitation, Oracle Enterprise Manager 12$^c$, the use of which is covered by one or more claims of the '784 patent, including but not limited to claim 19.  Oracle's customers and end-users who use such products and/or services directly infringe the claims of the '784 patent.  Since at least the filing of the original complaint in this action, Oracle has had actual knowledge of the '784 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '784 patent.  Despite Oracle's actual knowledge of the '784 patent and the knowledge that its customers and end-users infringed, Oracle continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Oracle's pay-per-use cloud computing products and/or services that are covered by one or more claims of the '784 patent.

23.     In particular, Oracle's customers' and end-users' use of Oracle's pay-per-use cloud computing products and services is facilitated by the use of pay-per-use systems and

methods patented under the '784 patent.  Thus, Oracle's customers and end-users are billed or charged on a pay-per-use basis when using such pay-per-use cloud computing products and services.

24.     On information and belief, in order to generate profits and revenues, Oracle markets and promotes, e.g., through its website and sales personnel, the use of its pay-per-use products and services that infringe the '784 patent when used as intended by Oracle's customers and end-users.  Oracle further sells (or licenses the use of) such products and/services to customers and end-users.  Oracle's customers and end-users use such products and services (including, e.g., Oracle's software and hardware).  Oracle further instructs its customers and end-users how to use such products and services in a manner that infringes the '784 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Oracle further instructs its customers and end-user to infringe the '784 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts. Oracle still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '784 patent.

25.     On information and belief, even though Oracle has been aware of the '784 patent and that its customers and end-users infringe the '784 patent for over a year, to date Oracle has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '784 patent, nor has Oracle informed its customers or end-users how to avoid infringing the '784 patent.  To date, Oracle has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid

infringement) by itself or its customers or end-users since it became aware of the '784 patent. On information and belief, Oracle itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '784 patent. To date, Oracle has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '784 patent in response to Clouding's requests for production of documents and things. Nor has Oracle to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '784 patent in response to Clouding's interrogatories.

26.  As such, on information and belief, despite the information Oracle gleaned from the original complaint in this action, Oracle continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '784 patent. In addition, since at least the filing of the original complaint in this action, Oracle has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '784 patent.

27.  Oracle's actions of, *inter alia*, making, using, offering for sale, and/or selling such pay-per-use cloud computing products and/or services patented under the '784 patent constitute an objectively high likelihood of infringement of the '784 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the original complaint, Oracle is aware that there is an objectively high likelihood that its actions

constituted, and continue to constitute, infringement of the '784 patent and that the '784 patent is valid.  Despite Oracle's knowledge of that risk, on information and belief, Oracle has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement of the '784 patent. Instead, Oracle has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell pay-per-use cloud computing products and/or services patented under the '784 patent.  As such, Oracle willfully, wantonly and deliberately infringed and is infringing the '784 patent in disregard of Clouding's rights.

28.     As a result of Oracle's infringement of the '784 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,065,637

29.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-28 above, as if fully set forth herein.

30.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface."  The '637 patent was duly and legally issued by the United States Patent and Trademark Office on June 20, 2006.  Clouding is the owner by assignment from Symantec Corporation of the '637 patent.  A true and correct copy of the '637 patent is included as Exhibit D.

31.     Oracle makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Oracle's cloud

computing products and/or services provide or support use of a visual interface to configure cloud computing resources.

32.     On information and belief, Oracle has directly infringed and continues to infringe the '637 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services covered by one or more claims of the '637 patent.  Such cloud computing products and/or services include, by way of example and without limitation, cloud computing products and/or services configurable through Oracle VM Manager, which are covered by one or more claims of the '637 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the '637 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '637 patent pursuant to 35 U.S.C. § 271(a).

33.     Oracle has had actual knowledge of the '637 patent since at least the filing of the original complaint in this action.

34.     On information and belief, Oracle has and continues to indirectly infringe one or more claims of the '637 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

35.     On information and belief, Oracle has induced others and continues to induce others, including but not limited to Oracle's customers and end-users, to infringe the '637 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, and/or selling a visual interface tool to configure cloud computing products and/or services that when used as intended infringe the '637 patent.

Such products and/or services include, by way of example and without limitation, Oracle VM

Manager, the use of which is covered by one or more claims of the '637 patent, including but not

limited to claim 1.  Oracle's customers and end-users who use such products and/or services

directly infringe the claims of the '637 patent.  Since at least the filing of the original complaint

in this action, Oracle has had actual knowledge of the '637 patent and has known that the use of

such products and/or services by its customers and end-users constituted direct infringement of

the '637 patent.  Despite Oracle's actual knowledge of the '637 patent and the knowledge that its

customers and end-users infringed, Oracle continued to, and still continues to, actively

encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using

Oracle's visual interface tools to configure cloud computing products and services that are

covered by one or more claims of the '637 patent.

36.     On information and belief, in order to generate profits and revenues, Oracle

markets and promotes, e.g., through its website and sales personnel, the use of its visual

construction tools to configure its products and services that infringe the '637 patent when used

as intended by Oracle's customers and end-users.  Oracle further sells (or licenses the use of)

such products and/services to customers and end-users.  Oracle's customers and end-users use

such products and services (including, e.g., Oracle's software and hardware).  Oracle further

instructs its customers and end-users how to use such products and services in a manner that

infringes the '637 patent (e.g., through technical documentation, manuals, instructions, and

technical support).  Oracle further instructs its customers and end-user to infringe the '637 patent

through the products and services themselves, e.g., through on-screen instructions, intuitive user

interfaces, and command prompts.

37.     On information and belief, even though Oracle has been aware of the '637 patent and that its customers and end-users infringe the '637 patent for over a year, to date Oracle has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '637 patent, nor has Oracle informed its customers or end-users how to avoid infringing the '637 patent.  To date, Oracle has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '637 patent. On information and belief, Oracle itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '637 patent.  To date, Oracle has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '637 patent in response to Clouding's requests for production of documents and things.  Nor has Oracle to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '637 patent in response to Clouding's interrogatories.

38.     As such, on information and belief, despite the information Oracle gleaned from the original complaint in this action, Oracle continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '637 patent.  In addition, since at least the filing of the original complaint in this action, Oracle has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to

<u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '637 patent.

39.     Oracle's actions of, *inter alia*, making, using, offering for sale, and/or selling such cloud computing products and/or services covered by one or more claims of the '637 patent constitute an objectively high likelihood of infringement of the '637 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Oracle is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '637 patent and that the '637 patent is valid.   Despite Oracle's knowledge of that risk, on information and belief, Oracle has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement of the '637 patent.  Instead, Oracle has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell cloud computing products and/or services covered by one or more claims of the '637 patent.  As such, Oracle willfully, wantonly and deliberately infringed and is infringing the '637 patent in disregard of Clouding's rights.

40.     As a result of Oracle's infringement of the '637 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 6,738,799

41.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-40 above, as if fully set forth herein.

42.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,738,799 ("the '799 patent") titled "Methods and Apparatuses for File Synchronization and Updating Using a Signature List." The '799 patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2004. Clouding is the owner by assignment from Symantec Corporation of the '799 patent. A true and correct copy of the '799 patent is included as Exhibit E.

43.     Oracle makes, uses, sells, offers for sale, and/or imports into the United States products and/or services that provide or support synchronization of files. On information and belief, at least some of such products and/or services perform synchronization of files between networked computers by providing updates.

44.     On information and belief, Oracle has directly infringed and continues to infringe the '799 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services into the United States that are covered by one or more claims of the '799 patent. Such products and/or services include, by way of example and without limitation, Oracle Cloud File System, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 37. By making, using, offering for sale, selling and/or importing into the United States such products and/or service that are covered by one or more claims of the '799 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '799 patent pursuant to 35 U.S.C. § 271(a).

45.     Oracle has had actual knowledge of the '799 patent since at least the filing of the original complaint in this action.

46.     On information and belief, Oracle has and continues to indirectly infringe one or more claims of the '799 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

47.     On information and belief, Oracle has induced others and continues to induce others, including but not limited to Oracle's customers and end-users, to infringe the '799 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing products and/or services that when used as intended infringe the '799 patent.  Such products and/or services include, by way of example and without limitation, Oracle Cloud File System including Automatic Storage Management, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 42.  Oracle's customers and end-users who use such products and/or services directly infringe the claims of the '799 patent.  Since at least the filing of the original complaint in this action, Oracle has had actual knowledge of the '799 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '799 patent.  Despite Oracle's actual knowledge of the '799 patent and the knowledge that its customers and end-users infringed, Oracle continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Oracle's file-synchronization products and services that are covered by one or more claims of the '799 patent.

48.     On information and belief, in order to generate profits and revenues, Oracle markets and promotes, e.g., through its website and sales personnel, the use of its file-synchronization products and services that infringe the '799 patent when used as intended by Oracle's customers and end-users.  Oracle further sells (or licenses the use of) such products and/services to customers and end-users.  Oracle's customers and end-users use such products and services (including, e.g., Oracle's software and hardware).  Oracle further instructs its customers and end-users how to use such products and services in a manner that infringes the '799 patent (e.g., through technical documentation, manuals, instructions, and technical support). Oracle further instructs its customers and end-user to infringe the '799 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

49.     On information and belief, even though Oracle has been aware of the '799 patent and that its customers and end-users infringe the '799 patent for over a year, to date Oracle has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '799 patent, nor has Oracle informed its customers or end-users how to avoid infringing the '799 patent.  To date, Oracle has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '799 patent. On information and belief, Oracle itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '799 patent.  To date, Oracle has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the

validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '799 patent in response to Clouding's requests for production of documents and things.  Nor has Oracle to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '799 patent in response to Clouding's interrogatories.

50.     As such, on information and belief, despite the information Oracle gleaned from the original complaint in this action, Oracle continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '799 patent.  In addition, since at least the filing of the original complaint in this action, Oracle has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '799 patent.

51.     Oracle's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '799 patent constitute an objectively high likelihood of infringement of the '799 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Oracle is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '799 patent and that the '799 patent is valid.   Despite Oracle's knowledge of that risk, on information and belief, Oracle has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement of the '799 patent.  Instead, Oracle has continued to, and still is continuing to, among other

things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '799 patent.  As such, Oracle willfully, wantonly and deliberately infringed and is infringing the '799 patent in disregard of Clouding's rights.

52.     As a result of Oracle's infringement of the '799 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

**COUNT VI**
**INFRINGEMENT OF U.S. PATENT NO. 5,944,839**

53.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-52 above, as if fully set forth herein.

54.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,944,839 ("the '839 patent") titled "System and Method for Automatically Maintaining A Computer System."  The '839 patent was duly and legally issued by the United States Patent and Trademark Office on August 31, 1999.  Clouding is the owner by assignment from Symantec Corporation of the '839 patent.  A true and correct copy of the '839 patent is included as Exhibit F.

55.     Oracle makes, uses, sells, offers for sale, and/or imports in the United States products and/or services for cloud computing.  On information and belief, at least some of Oracle's products and/or services provide or support automatic detection, diagnosis, and isolation of system and software faults.

56.     On information and belief, Oracle has directly infringed and continues to infringe the '839 patent by, among other things, making, importing, using, offering for sale, and/or selling products and/or services covered by one or more claims of the '839 patent.  Such products and/or

services include, by way of example and without limitation, Oracle Solaris 10 Operating System, the use of which is covered by one or more claims of the '839 patent, including but not limited to claim 6.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '839 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '839 patent pursuant to 35 U.S.C. § 271(a).

57.     Oracle has had actual knowledge of the '839 patent since at least the filing of the original complaint in this action.

58.     On information and belief, Oracle has and continues to indirectly infringe one or more claims of the '839 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

59.     On information and belief, Oracle has induced others and continues to induce others, including but not limited to Oracle's customers and end-users, to infringe the '839 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, importing, using, offering for sale, and/or selling self-healing products and/or services that when used as intended infringe the '839 patent.  Such products and/or services include, by way of example and without limitation, Oracle Solaris 10 Operating System including Predictive Self Healing, the use of which is covered by one or more claims of the '839 patent, including but not limited to claim 1.  Oracle's customers and end-users who use such products and/or services directly infringe the claims of the '839 patent.  Since at least the filing of the original complaint in this action, Oracle has had actual knowledge of the '839 patent and has known that the use of such products and/or services by its customers and end-users

19

constituted direct infringement of the '839 patent.  Despite Oracle's actual knowledge of the

'839 patent and the knowledge that its customers and end-users infringed, Oracle continued to,

and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-

users to directly infringe by using Oracle's self-healing products and services that are covered by

one or more claims of the '839 patent.

60.     On information and belief, in order to generate profits and revenues, Oracle

markets and promotes, e.g., through its website and sales personnel, the use of its self-healing

products and services that infringe the '839 patent when used as intended by Oracle's customers

and end-users.  Oracle further sells (or licenses the use of) such products and/services to

customers and end-users.  Oracle's customers and end-users use such products and services

(including, e.g., Oracle's software and hardware).  Oracle further instructs its customers and end-

users how to use such products and services in a manner that infringes the '839 patent (e.g.,

through technical documentation, manuals, instructions, and technical support).  Oracle further

instructs its customers and end-user to infringe the '839 patent through the products and services

themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

61.     On information and belief, even though Oracle has been aware of the '839 patent

and that its customers and end-users infringe the '839 patent for over a year, to date Oracle has

neither made any changes to the functionality, operations, marketing, sales, technical support,

etc. of such products and services to avoid infringing the '839 patent, nor has Oracle informed its

customers or end-users how to avoid infringing the '839 patent.  To date, Oracle has not

identified, in response to Clouding's interrogatories, a single action that it has taken to avoid

infringement (e.g., by designing around or notifying its customers or end-users how to avoid

infringement) by itself or its customers or end-users since it became aware of the '839 patent.

On information and belief, Oracle itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '839 patent.  To date, Oracle has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '839 patent in response to Clouding's requests for production of documents and things.  Nor has Oracle to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '839 patent in response to Clouding's interrogatories.

62.     As such, on information and belief, despite the information Oracle gleaned from the original complaint in this action, Oracle <u>continues to specifically intend for and encourage</u> its customers and end-users to use its products and/or services in a manner that infringe the claims of the '839 patent.  In addition, since at least the filing of the original complaint in this action, Oracle has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '839 patent.

63.     Oracle's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '839 patent constitute an objectively high likelihood of infringement of the '839 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Oracle is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '839 patent and that the '839 patent is

valid.   Despite Oracle's knowledge of that risk, on information and belief, Oracle has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement of the '839 patent. Instead, Oracle has continued to, and still is continuing to, among other things, make, import, use, offer for sale, and/or sell products and/or services covered by one or more claims of the '839 patent.  As such, Oracle willfully, wantonly and deliberately infringed and is infringing the '839 patent in disregard of Clouding's rights.

64.     As a result of Oracle's infringement of the '839 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 5,825,891

65.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-64 above, as if fully set forth herein.

66.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,825,891 ("the '891 patent") titled "Key Management for Network Communication."  The '891 patent was duly and legally issued by the United States Patent and Trademark Office on October 20, 1998.  Clouding is the owner by assignment from Symantec Corporation of the '891 patent.  A true and correct copy of the '891 patent is included as Exhibit G.

67.     Oracle makes, uses, sells and/or offers for sale in the United States products and/or services that provide for or support establishing Internet Protocol Security ("IP Sec")/Internet Key Exchange-based Virtual Private Network tunnels.

68.     On information and belief, Oracle has directly infringed and continues to infringe the '891 patent by, among other things, using methods covered by one or more claims of the '891 patent.  Such methods include, by way of example and without limitation, use of SunScreen 3.2, which is covered by one or more claims of the '891 patent, including but not limited to claim 1.  By using such methods covered by one or more claims of the '891 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '891 patent pursuant to 35 U.S.C. § 271(a).

69.     Oracle has had actual knowledge of the '891 patent since at least the filing of the original complaint in this action.

70.     On information and belief, Oracle has and continues to indirectly infringe one or more claims of the '891 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

71.     On information and belief, Oracle has induced others and continues to induce others, including but not limited to Oracle's customers and end-users, to infringe the '891 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing products and/or services supporting IP Sec that when used as intended infringe the '891 patent.  Such products and/or services include, by way of example and without limitation, SunScreen 3.2, Oracle Solaris 10, and Oracle servers including Solaris 10, the use of which is covered by one or more claims of the '891 patent, including but not limited to claim 1.  Oracle's customers and end-users who use such products and/or services directly infringe the claims of the '891 patent.  Since at least the

filing of the original complaint in this action, Oracle has had actual knowledge of the '891 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '891 patent.  Despite Oracle's actual knowledge of the '891 patent and the knowledge that its customers and end-users infringed, Oracle continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Oracle's IPSec products and services that are covered by one or more claims of the '891 patent.

72.     On information and belief, in order to generate profits and revenues, Oracle markets and promotes, e.g., through its website and sales personnel, the use of its products and services supporting IP Sec that infringe the '891 patent when used as intended by Oracle's customers and end-users.  Oracle further sells (or licenses the use of) such products and/services to customers and end-users.  Oracle's customers and end-users use such products and services (including, e.g., Oracle's software and hardware).  Oracle further instructs its customers and end-users how to use such products and services in a manner that infringes the '891 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Oracle further instructs its customers and end-user to infringe the '891 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

73.     On information and belief, even though Oracle has been aware of the '891 patent and that its customers and end-users infringe the '891 patent for over a year, to date Oracle has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '891 patent, nor has Oracle informed its customers or end-users how to avoid infringing the '891 patent.  To date, Oracle has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid

infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '891 patent. On information and belief, Oracle itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '891 patent. To date, Oracle has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '891 patent in response to Clouding's requests for production of documents and things. Nor has Oracle to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '891 patent in response to Clouding's interrogatories.

74.     As such, on information and belief, despite the information Oracle gleaned from the original complaint in this action, Oracle continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '891 patent. In addition, since at least the filing of the original complaint in this action, Oracle has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '891 patent.

75.     Oracle's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '891 patent constitute an objectively high likelihood of infringement of the '891 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the

original complaint, Oracle is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '891 patent and that the '891 patent is valid.  Despite Oracle's knowledge of that risk, on information and belief, Oracle has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement of the '891 patent. Instead, Oracle has continued to, and still is continuing to, among other things, use methods covered by one or more claims of the '891 patent.  As such, Oracle willfully, wantonly and deliberately infringed and is infringing the '891 patent in disregard of Clouding's rights.

76.     As a result of Oracle's infringement of the '891 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 5,678,042

77.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-76 above, as if fully set forth herein.

78.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,678,042 ("the '042 patent") titled "Network Management System Having Historical Virtual Catalog Snapshots for Overview of Historical Changes to Files Distributively Stored Across Network Domain."  The '042 patent was duly and legally issued by the United States Patent and Trademark Office on October 14, 1997.  Clouding is the owner by assignment from Symantec Corporation of the '042 patent.  A true and correct copy of the '042 patent is included as Exhibit H.

79.     Oracle makes, uses, sells, and/or offers for sale in the United States products and/or services that provide or support data storage deployment and management.

80.     On information and belief, Oracle has directly infringed and continues to infringe the '042 patent by, among other things, using methods covered by one or more claims of the '042 patent.  Such methods include, by way of example and without limitation, use of DTrace Storage Analytics in conjunction with Oracle Sun ZFS Storage Appliance, which is covered by one or more claims of the '042 patent, including but not limited to claim 1.  By using such methods covered by one or more claims of the '042 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '042 patent pursuant to 35 U.S.C. § 271(a).

81.     Oracle has had actual knowledge of the '042 patent since at least the filing of the original complaint in this action.

82.     On information and belief, Oracle has and continues to indirectly infringe one or more claims of the '042 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

83.     On information and belief, Oracle has induced others and continues to induce others, including but not limited to Oracle's customers and end-users, to infringe the '042 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by using methods that when used as intended infringe the '042 patent.  Such methods include, by way of example and without limitation, DTrace Storage Analytics in conjunction with Oracle Sun ZFS Storage Appliance, the use of which is covered by one or more claims of the '042 patent, including but not limited to claim 1.  Oracle's customers and end-users who use

such methods directly infringe the claims of the '042 patent.  Since at least the filing of the original complaint in this action, Oracle has had actual knowledge of the '042 patent and has known that the use of such methods by its customers and end-users constituted direct infringement of the '042 patent.  Despite Oracle's actual knowledge of the '042 patent and the knowledge that its customers and end-users infringed, Oracle continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Oracle's storage-management products and services that are covered by one or more claims of the '042 patent.

84.     On information and belief, in order to generate profits and revenues, Oracle markets and promotes, e.g., through its website and sales personnel, the use of its storage-management products and services that infringe the '042 patent when used as intended by Oracle's customers and end-users.  Oracle further sells (or licenses the use of) such products and/services to customers and end-users.  Oracle's customers and end-users use such products and services (including, e.g., Oracle's software and hardware).  Oracle further instructs its customers and end-users how to use such products and services in a manner that infringes the '042 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Oracle further instructs its customers and end-user to infringe the '042 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

85.     On information and belief, even though Oracle has been aware of the '042 patent and that its customers and end-users infringe the '042 patent for over a year, to date Oracle has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '042 patent, nor has Oracle informed its

customers or end-users how to avoid infringing the '042 patent.  To date, Oracle has not

identified, in response to Clouding's interrogatories, a single action that it has taken to avoid

infringement (e.g., by designing around or notifying its customers or end-users how to avoid

infringement) by itself or its customers or end-users since it became aware of the '042 patent.

On information and belief, Oracle itself is unaware of any legal or factual basis that its actions

solely, or in combination with the actions of its customers and end-users, do not constitute direct

or indirect infringement of the '042 patent.  To date, Oracle has not produced any opinion of

counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the

validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement

or potential infringement of any claim of the '042 patent in response to Clouding's requests for

production of documents and things.  Nor has Oracle to date identified any legal or factual basis

for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to

any claim of the '042 patent in response to Clouding's interrogatories.

86.     As such, on information and belief, despite the information Oracle gleaned from

the original complaint in this action, Oracle continues to specifically intend for and encourage its

customers and end-users to use its products and/or services in a manner that infringe the claims

of the '042 patent.  In addition, since at least the filing of the original complaint in this action,

Oracle has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing

around, or providing notice to its customer) to avoid confirming that its actions continue to

specifically encourage its customers and end-users to use its products and/or service in a manner

that infringe the claims of the '042 patent.

87.     Oracle's actions of, *inter alia*, making, importing, using, offering for sale, and/or

selling such products and/or services covered by one or more claims of the '042 patent constitute

an objectively high likelihood of infringement of the '042 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the original complaint, Oracle is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '042 patent and that the '042 patent is valid. Despite Oracle's knowledge of that risk, on information and belief, Oracle has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement of the '042 patent. Instead, Oracle has continued to, and still is continuing to, among other things, use methods covered by one or more claims of the '042 patent. As such, Oracle willfully, wantonly and deliberately infringed and is infringing the '042 patent in disregard of Clouding's rights.

88.     As a result of Oracle's infringement of the '042 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

**COUNT IX**
**INFRINGEMENT OF U.S. PATENT NO. 5,495,607**

89.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-88 above, as if fully set forth herein.

90.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,495,607 ("the '607 patent") titled "Network Management System Having Virtual Catalog Overview of Files Distributively Stored Across Network Domain." The '607 patent was duly and legally issued by the United States Patent and Trademark Office on February 27, 1996. Clouding is the owner by assignment from Symantec Corporation of the '607 patent. A true and correct copy of the '607 patent is included as Exhibit I.

91.     Oracle operates one or more server farms (comprising, *inter alia*, servers and computers on a network) that are located in data centers in the United States.  Oracle's server farms provide and support cloud computing services, including at least Oracle Cloud Computing Services.  On information and belief, Oracle makes and/or uses a system for monitoring the health of at least some of Oracle's servers and computers over a network in its data centers.

92.     On information and belief, Oracle has directly infringed and continues to infringe the '607 patent by, among other things, making, using, offering for sale, and/or selling systems, and products and/or services related thereto, covered by one or more claims of the '607 patent.  Such systems include, by way of example and without limitation, a system made and/or used by Oracle to monitor the health of servers and computers running Oracle Cloud Computing service, which is covered by one or more claims of the '607 patent, including but not limited to claim 9.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '607 patent, Oracle has injured Clouding and is liable to Clouding for direct infringement of the '607 patent pursuant to 35 U.S.C. § 271(a).

93.     Oracle has had actual knowledge of the '607 patent since at least the filing of the original complaint in this action.

94.     Oracle's actions of, *inter alia*, making and using such a system covered by one or more claims of the '607 patent constitute an objectively high likelihood of infringement of the '607 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Oracle is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '607 patent and that the '607 patent is valid.   Despite Oracle's knowledge of

31

that risk, on information and belief, Oracle has not made any changes to the relevant operation to avoid infringement of the '607 patent.  Instead, Oracle has continued to, and still is continuing to, among other things, make and, use a system covered by one or more claims of the '607 patent. As such, Oracle willfully, wantonly and deliberately infringed and is infringing the '607 patent in disregard of Clouding's rights.

95.     As a result of Oracle's infringement of the '607 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO. 7,254,621

96.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-95 above, as if fully set forth herein.

97.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access And Manipulation From A Pervasive Device."  The '621 patent was duly and legally issued by the United States Patent and Trademark Office on August 7, 2007.  Clouding is the owner by assignment from Symantec Corporation of the '621 patent.  A true and correct copy of the '621 patent is included as Exhibit J.

98.     Oracle makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Oracle Business Intelligence Foundation Suite.

99.     On information and belief, Oracle has directly infringed and continues to infringe the '621 patent by, among other things, making, using, offering for sale, selling and/or importing

products and/or services that are covered by one or more claims of the '621 patent.  Such

products and/or services include, by way of example and without limitation, Oracle Business

Intelligence Foundation Suite, which is covered by one or more claims of the '621 patent,

including but not limited to claim 1.  By making, using, offering for sale, and/or selling such

products and/or services covered by one or more claims of the '621 patent, Oracle has injured

Clouding and is liable to Clouding for direct infringement of the '621 patent pursuant to 35

U.S.C. § 271(a).

100.    Oracle has had actual knowledge of the '621 patent since at least the filing of the

original complaint in this action.

101.    Oracle's actions of, *inter alia*, making, using, offering for sale, selling and/or

importing such products and/or services that are covered by one or more claims of the '621

patent constitute an objectively high likelihood of infringement of the '621 patent, which was

duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at

least the filing of the original complaint, Oracle is aware that there is an objectively high

likelihood that its actions constituted, and continue to constitute, infringement of the '621 patent

and that the '621 patent is valid.   Despite Oracle's knowledge of that risk, on information and

belief, Oracle has not made any changes to the relevant operation of its products and/or services

and has not provided its users and/or customers with instructions on how to avoid infringement

of the '621 patent.  Instead, Oracle has continued to, and still is continuing to, among other

things, make, use, offer for sale, sell and/or import products and/or services that are covered by

one or more claims of the '621 patent.  As such, Oracle willfully, wantonly and deliberately

infringed and is infringing the '621 patent in disregard of Clouding's rights.

102.    As a result of Oracle's infringement of the '621 patent, Plaintiff Clouding has

suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but

in no event less than a reasonable royalty for the use made of the invention by Oracle, together

with interest and costs as fixed by the Court.

## COUNT XI
## INFRINGEMENT OF U.S. PATENT NO. 6,925,481

103.    Plaintiff Clouding realleges and incorporates by reference paragraphs 1-102

above, as if fully set forth herein.

104.    Plaintiff Clouding is the owner by assignment of United States Patent

No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access And

Manipulation From A Pervasive Device."  The '481 patent was duly and legally issued by the

United States Patent and Trademark Office on August 2, 2005.  Clouding is the owner by

assignment from Symantec Corporation of the '481 patent.  A true and correct copy of the '481

patent is included as Exhibit K.

105.    Oracle makes, uses, sells, offers for sale, and/or imports products and/or services

in the United States that provide or support remote data access by a mobile device, such as

Oracle Business Intelligence Foundation Suite.

106.    On information and belief, Oracle has directly infringed and continues to infringe

the '481 patent by, among other things, making, using, offering for sale, selling and/or importing

products and/or services that are covered by one or more claims of the '481 patent.  Such

products and/or services include, by way of example and without limitation,  Oracle Business

Intelligence Foundation Suite, which is covered by one or more claims of the '481 patent,

including but not limited to claim 1.  By making, using, offering for sale, and/or selling such

products and/or services covered by one or more claims of the '481 patent, Oracle has injured

Clouding and is liable to Clouding for direct infringement of the '481 patent pursuant to 35 U.S.C. § 271(a).

107.    Oracle has had actual knowledge of the '481 patent since at least the filing of the original complaint in this action.

108.    On information and belief, Oracle has and continues to indirectly infringe one or more claims of the '481 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

109.    On information and belief, Oracle has induced others and continues to induce others, including but not limited to Oracle's customers and end-users, to infringe the '481 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing products and/or services that when used as intended infringe the '481 patent.  Such products and/or services include, by way of example and without limitation, Oracle Business Intelligence Foundation Suite, the use of which is covered by one or more claims of the '481 patent, including but not limited to claim 55. Oracle's customers and end-users who use such products and/or services directly infringe the claims of the '481 patent.  Since at least the filing of the original complaint in this action, Oracle has had actual knowledge of the '481 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '481 patent. Despite Oracle's actual knowledge of the '481 patent and the knowledge that its customers and end-users infringed, Oracle continued to, and still continues to, actively encourage, assist,

induce, aid, and abet its customers and end-users to directly infringe by using Oracle's products and services that are covered by one or more claims of the '481 patent.

110.    On information and belief, in order to generate profits and revenues, Oracle markets and promotes, e.g., through its website and sales personnel, the use of its products and services supporting data manipulation by mobile devices that infringe the '481 patent when used as intended by Oracle's customers and end-users.  Oracle further sells (or licenses the use of) such products and/services to customers and end-users.  Oracle's customers and end-users use such products and services (including, e.g., Oracle's software and hardware).  Oracle further instructs its customers and end-users how to use such products and services in a manner that infringes the '481 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Oracle further instructs its customers and end-user to infringe the '481 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Oracle still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '481 patent.

111.    On information and belief, even though Oracle has been aware of the '481 patent and that its customers and end-users infringe the '481 patent for over a year, to date Oracle has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '481 patent, nor has Oracle informed its customers or end-users how to avoid infringing the '481 patent.  To date, Oracle has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid

infringement) by itself or its customers or end-users since it became aware of the '481 patent. On information and belief, Oracle itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '481 patent.  To date, Oracle has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '481 patent in response to Clouding's requests for production of documents and things.  Nor has Oracle to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '481 patent in response to Clouding's interrogatories.

112.    As such, on information and belief, despite the information Oracle gleaned from the original complaint in this action, Oracle <u>continues to specifically intend for and encourage</u> its customers and end-users to use its products and/or services in a manner that infringe the claims of the '481 patent.  In addition, since at least the filing of the original complaint in this action, Oracle has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '481 patent.

113.    Oracle's actions of, *inter alia*, making, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '481 patent constitute an objectively high likelihood of infringement of the '481 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Oracle is aware that there is an objectively high

likelihood that its actions constituted, and continue to constitute, infringement of the '481 patent and that the '481 patent is valid.  Despite Oracle's knowledge of that risk, on information and belief, Oracle has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement of the '481 patent.  Instead, Oracle has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '481 patent.  As such, Oracle willfully, wantonly and deliberately infringed and is infringing the '481 patent in disregard of Clouding's rights.

114.    As a result of Oracle's infringement of the '481 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Oracle's infringement, but in no event less than a reasonable royalty for the use made of the invention by Oracle, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clouding respectfully requests that this Court enter:

1.    A judgment in favor of Plaintiff that Oracle has infringed, either literally and/or under the doctrine of equivalents, the '449 patent, the '014 patent, the '784 patent, the '637 patent, the '799 patent, the '839 patent, the '891 patent, the '042 patent, the '607 patent, the '621 patent, and the '481 patent;

2.    A judgment that Oracle has induced infringement of the '784 patent, the '637 patent, the '799 patent, the '839 patent, the '891 patent, the '042 patent, and the '481 patent;

3.    A judgment that Oracle willfully infringed the '784 patent, the '637 patent, the '799 patent, the '839 patent, the '891 patent, the '042 patent, the '607 patent, the '621 patent, and the '481 patent;

4.      A judgment and order for treble damages pursuant to 35 U.S.C. § 284

5.      A judgment and order requiring Oracle to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Oracle's infringement of the '449 patent, the '014 patent, the '784 patent, the '637 patent, the '799 patent, the '839 patent, the '891 patent, the '042 patent, the '607 patent, the '621 patent, and the '481 patent;

6.      A judgment and order that this case is exceptional and requiring Oracle to pay Plaintiff Clouding reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

7.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

June 21, 2013                                                BAYARD, P.A.

OF COUNSEL:                                        /s/ Stephen B. Brauerman
                                                         Richard D. Kirk (rk0922)
Marc A. Fenster                                     Stephen B. Brauerman (sb4952)
Jaspal S. Hare                                       Vanessa R. Tiradentes (vt5398)
Dorian S. Berger                                    222 Delaware Avenue, Suite 900
RUSS AUGUST & KABAT                        Wilmington, DE 19899
12424 Wilshire Boulevard, 12th Floor      (302) 655-5000
Los Angeles, CA 90025                          rkirk@bayardlaw.com
(310) 826-7474                                      sbrauerman@bayardlaw.com
mfenster@raklaw.com                            vtiradentes@bayardlaw.com
jhare@raklaw.com
dberger@raklaw.com                             *Attorneys for Plaintiff Clouding IP, LLC*